979203

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE CROTTY

----------------------------------------------------------x

SERGIO PAVON,

                       Plaintiff,  **08 CV 1272**

        -against-

METROPOLITAN LIFE INSURANCE CO.
                      Defendant.

**NOTICE OF REMOVAL**
(from Supreme Court,
New York County Index
No. 8100951/08)

----------------------------------------------------------x

    Defendant Metropolitan Life Insurance Co. ("MetLife"), by its attorneys Lester Schwab Katz & Dwyer, LLP, hereby files this Notice of Removal in the above-captioned action to the United States District Court for the Southern District of New York from the Supreme Court of the State of New York, County of New York, and as its basis, states:

    1.    Defendant MetLife received a "Summons with Notice" with the accompanying affirmation of plaintiff's counsel, Robert J. Feldman, on or after January 22, 2008. See Exhibit "A". No further proceedings have been had herein. Exhibit A constitutes all of the state court papers, pleading, and process that have been served upon MetLife.

    2.    This action is being removed to federal court because it seeks recovery of disability benefits under the Novartis Pharmaceuticals long term disability plan (the "Plan"), an employee welfare benefit plan within the meaning of and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et. seq.

    3.    Defendant MetLife administers claims for Plan benefits.

FEB 07 2008
U.S.D.C. S.D. N.Y.
CASHIERS

4. ERISA preempts the state law claims alleged in the Complaint and provides the exclusive remedy for recovery of benefits claimed under employee benefit plans. See ERISA Sections 502(a)(1)(B), 514; 29 U.S.C. §§ 1132(a)(1)(B), 1144.

5. This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). As a civil action founded on a right or claim arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b). See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

6. This Notice of Removal is timely filed within 30 days after the service of the Summons With Notice upon MetLife. See 28 U.S.C. § 1446(b).

7. A copy of this Notice of Removal will be filed with the Clerk, Supreme Court of the State of New York, County of New York, as required by law. See 28 U.S.C. § 1446(d).

8. Written notice of the filing of this Notice of Removal will be provided to plaintiff as required by law. See 28 U.S.C. § 1446(d).

WHEREFORE, defendant MetLife hereby removes this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York.

Dated:    New York, New York
          February 6, 2008

LESTER SCHWAB KATZ & DWYER, LLP

*[signature]*

Thomas A. Catalano (tc-1625)
120 Broadway
New York, New York 10271
(212) 341-4241
Attorneys for Defendant

TO:
Robert J. Feldman
375 South End Avenue, Ste. 8F
New York, New York 10280
(646) 478-8852
Attorney for Plaintiff

# Exhibit A

01/28/2008 14:18 FAX 847 391 1809    METLIFE    → LOWELL    ☒003

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------X
SERGIO PAVON,

                         Plaintiff,

— against —

ATT: M. PATEL

METROPOLITAN LIFE INSURANCE CO.,

                         t.

                         Defendant
-----------------------------------------------------------X

Venue Is Placed In:
New York County-
On the grounds that the
Plaintiff's residence is located
In New York County.

SUMMONS WITH NOTICE
Index No. 2 8160951

Date Of Purchase: January 22 2008

Plaintiff's Residence: 270 W. 17th st.
                         NYC 10011

*TO THE ABOVE NAMED DEFENDANT(S):*

    You are hereby summoned to appear in this action by serving a notice of appearance on the undersigned plaintiff's attorney, ROBERT FELDMAN, ESQ., at his law office located at 375 South End Avenue, Ste. 8F, New York, New York 10280, and together with such Notice of Appearance the said defendant(s) and/or their respective counsel(s) shall DEMAND A COPY OF THE PLAINTIFF'S COMPLAINT within twenty days after the service of this summons, exclusive of the day of service (or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York). Your time to appear may be extended as provided in subdivision (b) of CPLR 3012.

    PLEASE TAKE FURTHER NOTICE, that this is an action *inter alia*, for a Declaratory Judgment pursuant to CPRL Article 3001, that the wrongful and/or tortious determination of the within defendant, its agent(s), servant(s) and/or employee(s), to wrongfully terminate the plaintiff's disability benefits, arising under CLAIM #630404216563, which wrongful and/or tortious determination occurred on or about January 11, 2008 was done in bad faith, in violation of the parties contractual obligations, without reasonable basis in fact or law, since the defendant's purported grounds enumerated in that claim letter are without any credible or reasonable basis in fact; that contrary to the defendant's false representations of material fact in the aforesaid Claim Letter, the plaintiff's treating psychiatrist did not receive any requests for reports from defendant and that contrary to the assertions in said letter, plaintiffs attorney did not receive any request therefor; that an independent treating psychiatrist Dr. Solomon Miskin, who was recently hired by the defendant concerning the plaintiff's disability, in fact completed his expert report (IME) that confirmed in all relevant particulars, on or about October 10, 2006, the existence and continuation of plaintiff's long term disability, and that within a reasonable

1

0.-23.-2008 14:18 FAX 347 391 1809        METLIFE                → LOWELL             ☒004

degree of medical certainty that plaintiff would continue to be so disabled for a long time to come. That the defendant's bad faith conduct, its tortious acts and omissions and its breach of contract, further constitutes outrageous and unjustifiable infliction of emotional distress against the plaintiff, has caused the plaintiff to sustain severe emotional distress and mental anguish as a result thereof, and to incur medical expenses and other damages in an effort to cure plaintiff of his ailments; that the defendant further breached the provisions of the parties' contract by the defendant's material breaches of their agreement, and by reason of the defendant's false representations of material fact, and that defendant's acts and/or omissions were and still are without just cause, excuse or justification, and that the plaintiff at all relevant times had duly performed all his required acts and duties under his agreement with the defendant; that the Court declare the rights, obligations and duties of the parties herein, and that the Court grant temporary, preliminary and/or permanent injunctive relief in favor of the plaintiff, and against the defendant, its agents, servants, employees, and/or officers, to protect the rights of the plaintiff and/or to direct the defendant, its agents, servants and/or employees, to cancel and annul any determination of the defendant to cancel plaintiff's disability benefits, and for the Court to Order such benefits reinstated nunc pro tunc together with any retroactive disability payments and/or benefits that defendant wrongfully refused to pay to the plaintiff herein; that the defendant violated the NYS Executive Law in discriminating against the plaintiff on the grounds of his disability; and that solely as a result of the foregoing, the defendant has proximately caused the plaintiff to sustains monetary damages and injury, in an amount to be determined by the finder of fact, which damages exceed the monetary jurisdictional limits of all other Courts that otherwise would have had jurisdiction of this lawsuit, all together with plaintiff's legal fees, costs, expenses, punitive damages and disbursements.

In case of YOUR failure to appear within the time set forth hereinabove, the plaintiff shall take a judgment against YOU by default, for the relief set forth herein.

Plaintiff designates New York County as place of trial. The basis of the venue designated is the domicile of the plaintiff and the place where the plaintiff's causes of action arose.

Dated: New York, New York
       January 21, 2008

                                                ROBERT J. FELDMAN, ESQ.
                                                Attorney for Plaintiff
                                                SERGIO PAVON
                                                Office & Post Office Address
                                                375 South End Avenue, Ste. 8F
                                                New York, New York 10280
                                                (646)478-8852

Defendant's Address:
METROPOLITAN LIFE INSURANCE CO
PO Box 14590
Lexington, KY 40511-4590

2

Page 4 of 5 received at 1/28/2008 3:14:30 PM [Eastern Standard Time] on server AS-LINYFAXSVR04.

Robert J. Feldman, Esq.
375 South End Avenue Suite 8F
New York, New York 10280

### AFFIRMATION

1) I am the attorney for Sergio Pavon reference Claim Number 630404216563 and as such am familiar with all the facts and circumstances regarding Defendants' wrongful termination of Sergio's LTD benefits.

2) Sergio's LTD benefits were terminated by letter dated January 11, 2008 because Defendant failed to receive updated medical review.

3) In said letter, Defendant alleges that a request for "detail medical" (sic) was faxed to Dr. J. Corbin and a letter was sent to me on December 13, 2007.

4) I have spoken with Dr. Corbin and he informs me he received no communication whatever from Defendant regarding Sergio Pavon during the month of December 2007.

5) I have received no written communication from Defendant until receipt of said letter which was received on or about January 15, 2008.

6) On January 18, I spoke on the telephone with Defendant's "Clinical Specialist" Jim Atchetturo. Mr. Atcetturo indicated to me that he did, in fact receive medical information from Dr. Corbin and was reviewing it.

7) Defendant hired its own psychiatrist Dr. Solomon Miskin who conducted a comprehensive examination of Sergio on Ocober 10, 2006. I was present at such examination at Dr. Miskin's office at 1369 Broadway and was given the opportunity to electronically record same. Dr. Miskin opined that Sergio "was unable to work due to these hallucinations and other problems.."

8) I have expended in excess of twenty hours in defending Sergio against MetLife and am entitled to attorney's fees from Defendant and am seeking same.

The foregoing is affirmed under penalties of perjury this 22d day of January, 2008

Robert Feldman, Esq.

01/28/2008 14:18 FAX 847 391 1809        METLIFE                    → LOWELL                ☒002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

INDEX NUMBER
0 8 1 0 0 9 5 1   /2008
Date purchased: January 22, 2008

---

Sergio Pavon.,

                      **Plaintiff,**

-against-

Metropolitan Life Insurance Co.,.

                      Defendant

---

**SUMMONS WITH NOTICE**

LAW OFFICE OF Robert J. Feldman
*Attorneys for Plaintiff*
375 South End Street 8f
New York, New York 10280
(646) 478-8852

Signature Rule 130.-1.1-a

_____
Robert Feldman, Esq.

Copy of a fax received at 1/28/2008 2:14:30 PM (Eastern Standard Time) on server AS-LINYFAXSVR04.

## Declaration of Service

On February 7, 2008, I served the:

- Notice of removal
- Defendant's Rule 7.1 statement
- Form JS-44
- Individual practices of Hon. Paul A. Crotty, U.S.D.J.
- Individual practices of Magistrate Judge Eaton

on the following person by first class mail:

ROBERT J. FELDMAN, ESQ.
375 South End Avenue, Ste. 8F
New York, NY  10280

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 7, 2008.

_____
Lisa Hailey

979672