UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____X
**SERGIO PAVON,**

                Plaintiff,                **VERIFIED COMPLAINT**

  -against-

**METROPOLITAN LIFE INSURANCE CO., INC.,**
And **NOVARTIS CORP.,**                Case No. 08 CV 1272(PAC)
              Defendants.
_____X

    Plaintiff, SERGIO PAVON, by his attorney(s), ROBERT FELDMAN, ESQ., and complaining of the Defendants, **METROPOLITAN LIFE INSURANCE CO.**, and **NOVARTIS USA a/k/a NOVARTIS CORP.**, respectfully shows to the Court and alleges the following as and for his Verified Complaint:

**I.    PARTIES:**

    **1.**    Upon information and belief and at all times hereinafter mentioned, Defendant, **METROPOLITAN LIFE INSURANCE CO.,** *INC.,* (hereinafter referred to as "METLIFE-INS" or "Defendant") was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware, and/or was and still is authorized to do business in the State of New York, County of New York, with its principal place of business located at 200 Park Avenue, New York, New York 10166, County of New York, City and State of New York.

    **2.**    Upon information and belief and at all times hereinafter mentioned, Defendant, **METLIFE-INS,** was and still is a wholly owned subsidiary of **MET LIFE, INC.,** (Hereinafter referred to as "METLIFE") a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware, and/or was and still is authorized to do business in the State of New York, County of New York, with its

1

principal place of business located at 200 Park Avenue, New York, New York 10166, County of New York, City and State of New York.

3.   Upon information and belief and at all relevant times hereinafter mentioned, Defendant, **NOVARTIS CORP.** a/k/a **NOVARTIS U.S.A.**, was and still a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware, and/or was and still is authorized to do business in the State of New York, County of New York, with its principal place of business located at 608 Fifth Avenue, New York, New York 10020.

4.   Upon information and belief and at all relevant times hereinafter mentioned, Defendant, **NOVARTIS USA,** was and still is a wholly owned subsidiary of non-party, **NOVARTIS INTERNATIONAL, AG,** which was and still a foreign country corporation organized and existing under and by virtue of the laws of Switzerland and/or was and still is authorized to do business in the State of New York, and **NOVARTIS INTERNATIONAL, AG's** principal place of business is located at **CH-4002, Basel, Switzerland.**

5.   Upon information and belief, and at all times hereinafter mentioned, the plaintiff, SERGIO PAVON (Hereinafter referred to as "SERGIO" or "Plaintiff"), was at all relevant times and still is a domiciliary and citizen of the State of New York, with his residence located at 270 West 17th Street, Apt. 11A, County of New York, City and State of New York 10011.

6.   At all times hereinafter mentioned, the defendant, METLIFE-INS, was and still is the disability insurance provider of the plaintiff, SERGIO, who has provided to plaintiff at all relevant times the plaintiff's long term disability benefits under Group

2

opined within a reasonable degree of medical certainty, that the plaintiff, SERGIO, had sustained, and was still suffering from his long term disability and plaintiff verily believes said Report opined that plaintiff would continue to suffer from said long term disability for a long time to come.

**9.** Upon information and belief and at all times hereinafter mentioned, the said defendants, METLIFE-INS, NOVARTIS, their agents, servants and/or employees, respectively, unlawfully and/or tortiously discriminated against the plaintiff, SERGIO, based upon the plaintiff's disability status, as herein alleged all to plaintiff's grievous injury, damages, extreme emotional distress, mental anguish, great anxiety, humiliation.

**10.** That at all relevant times after the defendant, METLIFE-INS, had wrongfully terminated and/or cut off the plaintiff's long term disability benefits, on or about January 11, 2008, the co-defendant, Novartis which company, at all relevant times herein mentioned provided plaintiff with his medical and drug benefits, without reasonable cause in law or fact, wrongfully and unlawfully terminated the plaintiff's medical and drug benefits, solely on the basis of the defendant's, MET LIFE-INS', prior wrongful termination of plaintiff's long-term disability benefits.

**II    VENUE**

**11.** Plaintiff designates New York County as the place of trial of this lawsuit, on the grounds that the commercial real property at issue in this lawsuit is located in New York County, and the Plaintiff resides in New York County, and the causes of action/ claims herein alleged all arose or occurred in New York County, and venue is properly laid in New York County, pursuant to Article 5 of the NYS Civil Practice Law and Rules.

### III. JURISDICTION

12. The only Court that has proper jurisdiction of this lawsuit was the Court of original instance, the Supreme Court of the State of New York, County of New York, and as this lawsuit was improperly and wrongfully removed to the United States District Court for the Southern District of New York, this lawsuit should be forthwith remanded, as the claims set forth hereinbelow, do not fall within the Article III powers of this Court, nor is there any basis for removal herein, where the plaintiff's claims do not concern or involve federal question jurisdiction and where federal diversity jurisdiction is likewise lacking in this lawsuit. This Verified Complaint has been filed at the direction of the Judge in the case at bar, without prejudice to the plaintiff's assertion that its claims are solely state law claims to be heard in the Courts of the State of New York.

### IV. RELEVANT UNDERLYING FACTS

13. That the defendants have engaged in bad faith action by the defendants amount to an intentional infliction of emotional distress by the respective defendants, their agents, servants and/or employees upon the plaintiff and has caused the plaintiff to suffer damages in an amount to be determined by the finder of fact, plus punitive damages for defendants' bad faith termination of plaintiff's Long Term Disability benefits and his Group Health Coverage exclusive of plaintiff's reasonable legal fees, disbursements and punitive damages sought herein.

14. At all relevant times hereinafter mentioned, the Plaintiff, SERGIO was and still is a disabled person, as that term is defined in the New York State and Federal Law, and began receiving short term disability benefits commencing in mid-year 2003.

15. That the plaintiff disability status under the law and under the facts has

5

remained the same at all times from June, 2004 to date.

16.	That the defendant, METLIFE-INS, its agents, servants and/or employees, with knowledge that the following representations of material facts were false and/or in reckless disregard as to their truth or falsity, that plaintiff's treating psychiatrist allegedly received requests for medical/disability reports from defendant, but that the plaintiff and/or said treating psychiatrist failed and refused to timely provide such report to said defendant insurer; that the defendant, its agents, servants and/or employees, and/or persons acting on behalf of defendant METLIFE-INS or in concert therewith, denied that the independent treating psychiatrist Dr. Solomon Miskin, who was recently hired by the defendant concerning the plaintiff's disability, in his expert report (IME), on or about October 10, 2006, the existence and continuation of plaintiff's long term disability, and that within a reasonable degree of medical certainty that plaintiff would continue to be so disabled for a long time to come, and/or said defendant, its agents servants and/or employees and/or persons acting on its behalf or in concert therewith further denied, without any reasonable factual or legal basis therefore, and in bad faith, that the plaintiff had any long term disability, all to plaintiff's grievous injury and damages.

17.	That co-defendant, NOVARTIS, without just or reasonable cause therefore, and relying solely upon the wrongful and unlawful denial of coverage and breach of contract of the defendant, METLIFE-INS, the said co-defendant, NOVARTIS, did materially breach its Agreement with the plaintiff, SERGIO, and said co-defendant, without basis or authority in law or fact, did wrongfully and unlawfully cancel the plaintiff's, SERGIO's, Group Health Coverage on January 31, 2008 without any credible or reasonable basis in fact or law, all to plaintiff's grievous injury and damages.

6

V.   PLAINTIFF'S CAUSES OF ACTION:

A.   FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, METLIFE-INS AND NOVARTIS, JOINTLY & SEVERALLY FOR MATERIAL BREACH(ES) OF INSURANCE AGREEMENTS:

18.   Plaintiff, SERGIO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "17" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

19.   That at all relevant times herein mentioned, the plaintiff, SERGIO, did fully perform all his obligations and duties under his agreement with the defendant, METLIFE-INS.

20.   That the respective insurance agreements of the parties herein, *inter alia*, obligated the respective defendants to continue to pay the plaintiff his respective long term disability benefits and group health insurance benefits, during the period when the plaintiff is suffering from his long term disabilities and neither defendant had or has the right to unilaterally cancel their respective insurance coverage, disability payments and/or group health coverage payments to the plaintiff.

21.   That solely as a result of the defendants' respective material breaches of their respective insurance agreements with the plaintiff, SERGIO, the plaintiff has been compelled to retain attorneys and legal assistance, and to incur costs, expenses, legal fees and disbursements as a proximate result thereof, all to plaintiff's damages and injury in a sum to be determined by the triers of fact.

22.   That the respective defendants', METLIFE-INS' and NOVARTIS' bad faith conduct, unlawful acts and omissions constituted a material breach of its respective agreements with the plaintiff, SERGIO, proximately caused the plaintiff to sustain severe

emotional distress and mental anguish as a result thereof, and to incur medical expenses and other damages in an effort to cure plaintiff of his ailments, and that plaintiff has been confined to his bed and home as a result thereof, and has been unable to attend to his usual and customary duties as a proximate result of the defendants material breaches of said agreements and that plaintiff has been deprived of his right to obtain required medications, medicines, medical care, psychiatric care, supplies, as a result of the foregoing material breaches of their respective agreements with the plaintiff, and the plaintiff has been caused to sustain the loss of his income and his ability to pay for the necessaries of his life, including but not limited to food, transportation, housing, etc., due to the defendants' wrongful and unlawful acts and omissions; that the respective defendants further breached the provisions of the parties' contract by the defendant's material breaches of their agreement, and by reason of the defendant's false representations of material fact, and that defendant's acts and/or omissions were and still are without just cause, excuse or justification and have proximately caused plaintiff, SERGIO PAVON, plaintiff's injury, damages, extreme emotional distress, mental anguish, great anxiety, humiliation all to his grievous injury and damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of plaintiff's costs, interest, disbursements, punitive damages and plaintiff's reasonable attorney's fees.

### B. AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS METLIFE-INS & NOVARTIS, JOINTLY & SEVERALLY, FOR INFLICTION OF EXTREME EMOTIONAL DISTRESS:

23. Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at

8

length.

24. That solely as a proximate result of the culpable and tortious acts and omissions of the Defendants, their agents, servants, employees, persons acting in concert therewith, in conspiracy with the defendants, the Plaintiff, SERGIO, was compelled to expend and become liable for payment of divers sums of monies for his necessaries, medical care and treatment, psychiatric care and treatment, plaintiff's necessaries and necessities, housing costs, pharmaceutical costs, food and transportation costs, and upon information and belief, may be so required for some time to come, that he has been compelled to expend and will be so compelled for a long time to come to expend divers sums of monies for the aforesaid, all to plaintiff's grievous injury and damages; and the Plaintiff has sustained severe mental anguish and emotional distress, shame and ridicule as a proximate result of the respective Defendants' tortious and unlawful conduct, and Plaintiff has been caused to suffer severe shame, humiliation and ridicule as a proximate result of the wrongful and culpable acts and omissions of the Defendants, their agents, servants and/or employees, that Plaintiff has been violated by the culpable and unlawful conduct of the Defendants, their agents, servants and/or employees, and Plaintiff was compelled to retain attorneys to defend himself against the unlawful, tortious, baseless and frivolous 'conduct of the Defendants, their agents, servants and/or employees, all to plaintiff's grievous injury and damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS.

25. That the wrongful and unlawful acts and omissions of the Defendants, their agents, servants, employees, persons acting in concert therewith or conspiring

9

therewith, were so outrageous and beyond the limits of acceptable conduct between insurers and insured, and so far beyond the law, that they cannot and should not be countenanced by any Court or trier of fact, and are extreme and outrageous as a matter of law, all to Plaintiffs grievous injury and damages.

26. That the wrongful and unlawful acts and omissions of the Defendants, their agents, servants, employees, persons acting in concert therewith or conspiring therewith, were so outrageous and beyond the limits of acceptable conduct between insurer and insured, such that the defendants, their agents, servants and/or employees knew or should have known that their acts and omissions would proximately cause extreme emotional distress, mental anguish, shame and humiliation to the Plaintiff together with attendant physical symptoms.

27. That the aforesaid tortious and unlawful acts and omissions of the respective defendants, their agents, servants and/or employees, proximately caused and/or were likely to proximately cause extreme emotional distress to the plaintiff, SERGIO PAVON, and did in fact cause such extreme emotional distress and mental anguish to plaintiff, SERGIO PAVON, all to plaintiff's grievous injury and damages.

28. That solely as a result of the foregoing, the plaintiff has been caused to suffer severe mental anguish, emotional distress, pain and humiliation, has been caused to abstain from the usual and customary duties, and has been compelled to expend divers sums of monies for medical care, attorney's fees, costs and expenses, all in an effort to treat plaintiff's ailments and to make plaintiff whole.

29. Upon information and belief and at all times herein mentioned, the plaintiff alleges that each of the respective defendants, their agents, servants and/or

employees, in violation of their agreements with the plaintiff and others similarly situated, and in violation of law, engaged in bad faith course of conduct, to deprive the disabled and vulnerable and powerless plaintiff and others similarly situated, of their long term disability benefits and group health benefits, without basis or authority in law and fact.

**30.**     That as a proximate result of this course of conduct, the plaintiff and others similarly situated, have been deprived of their rightful benefits and their ability to live in a dignified manner, by their wrongful cancellation/termination of the plaintiff's and similarly situated persons' long term disability and group health insurance benefits, and impaired and deprived the plaintiff, SERGIO PAVON, and others similarly situated of their ability to purchase necessaries, *inter alia,* housing, food, medicines, medical treatment, psychiatric treatment, supplies, transportation, creating a substantial risk to the health and well being of the plaintiff, and others similarly situated, and creating a menace to the general public, by virtue of the respective defendants' cruel and inhuman policy decisions.

**31.**     That these tortious and unlawful acts and omissions by the Defendants, their agents, servants, employees, persons acting in concert therewith or conspiring therewith, were so outrageous and beyond the limits of acceptable conduct between insurers and insured that they affected not only the Plaintiff, but other members of the insurers' customers and the general public, and as a result, the Plaintiff is entitled to punitive damages against each Defendant, jointly and severally in a sum to be determined as appropriate by the trier of facts in addition to the Plaintiffs claims for compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION FOR DECLARATORY JUDGEMENT & INJUNCTIVE RELIEF:

32.     Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

33.     That pursuant to CPLR 3001, et seq, the plaintiff, SERGIO PAVON, demands a declaratory judgment against the defendants, METLIFE-INS and NOVARTIS, jointly and severally, *inter alia,* declaring the rights and obligations of the parties herein, declaring that the respective terminations and/or cancellations of the long term disability benefits and group health benefits was unlawful, improper, in violation of law, constituted a material breach of the respective agreements, and enjoining and directing the respective defendants, their agents, servants and/or employees to forthwith restore all of the plaintiff's long term disability benefits and his Group Health Insurance benefits, retroactively respectively to on or about January 11, 2008 and on or about January 31, 2008, to continue thereafter, directing the defendants to pay the defendants' hospital, medical, nursing, pharmaceutical, doctor's bills, and/or any other bills incurred by the plaintiff during the period of the unlawful cutoff of plaintiff's benefits, that were and are payable in accordance with the terms of the plaintiff's insurance agreements with the within defendants, that the Court grant the plaintiff such other relief as is just and proper in the premises, together with punitive damages against each defendant, in an amount not exceeding ten times the amount of compensatory damages, that the Court grant temporary, preliminary and/or permanent injunctive relief in favor of the plaintiff and against the defendants, their agents, servants and/or employees, jointly and severally,

in the amount of compensatory damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS exclusive of plaintiff's reasonable attorney's fees and costs and expenses herein, in an amount to be determined by the trier of facts, together with plaintiff's costs, interest, punitive damages, and disbursements herein.

**34.** The balance of equities is in favor of the Plaintiff.

**35.** The Plaintiff has a reasonable likelihood of success on the merits of this action.

**36.** The Plaintiff does not have an adequate remedy at law.

**37.** The Defendants have unclean hands and have acted in bad faith against the Plaintiff and others similarly situated.

**38.** Plaintiff further requests a declaratory judgment against each defendant, METLIFE-INS and NOVARTIS, jointly and severally, that the Court declare the rights, obligations and duties of the parties herein, and that the Court grant temporary, preliminary and/or permanent injunctive relief in favor of the plaintiff, and against the defendant, its agents, servants, employees, and/or officers, to protect the rights of the plaintiff and/or to direct the defendant, its agents, servants and/or employees, to cancel and annul any determination of the defendant to cancel plaintiff's disability benefits, and for the Court to Order such benefits reinstated *nunc pro tunc* together with any retroactive disability payments and/or benefits that defendant wrongfully refused to pay to the plaintiff herein; that the Court declare and adjudge that the defendants, jointly and severally, violated the NYS Executive Law and NYC Human Rights Laws, in unlawfully discriminating against the plaintiff on the grounds of his disability; and that solely as a result of the foregoing, the defendant has proximately caused the plaintiff to sustains

13

monetary damages and injury, exclusive of plaintiff's legal fees, costs, expenses, punitive damages and disbursements, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, METLIFE-INS & NOVARTIS, JOINTLY & SEVERALLY FOR UNLAWFUL DISCRIMINATION UNDER THE NYS EXECUTIVE LAW & NYC HUMAN RIGHTS LAWS

**39.** Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in pargraph(s) numbered "1" through "38" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

**40.** Plaintiff verily believes that the defendants have engaged in a course of conduct to remove permanently disabled persons, such as the plaintiff, SERGIO PAVON, from receiving their long term disability benefits and/or group health insurance benefits, by wrongfully terminating the benefits of such extremely vulnerable and powerless disabled persons, such as plaintiff, SERGIO PAVON, and the respective defendants, in bad faith and without reasonable basis or authority in law of fact, have wrongfully put corporate profits above the defendants' contractual obligations and duties to provide the disability and group health benefits that the disabled plaintiff and others similarly situated had duly contracted for, all to plaintiff's grievous injury and damages.

**41.** Pursuant to the foregoing State Laws and Federal Laws the plaintiff, SERGIO PAVON, is aggrieved by the respective defendants' violation of said provision of law, and the discriminatory acts and omissions of the respective defendants, their agents, servants and/or employees, and plaintiff is entitled to recover damages from the respective defendants for the serious personal injuries and damages proximately caused

to the plaintiff, by the respective defendants' violations of each of the foregoing statutes. Such damages include but are not limited to the plaintiff's injury caused by said unlawful conduct, plaintiff's being terminated from long term disability benefits and his group health insurance policies, the plaintiff's sustaining severe mental anguish, extreme emotional anxiety, humiliation, the loss of income proximately caused by the respective defendants' discriminatory and unlawful conduct, that has severely and negatively affected the plaintiff's ability to live day to day, to plaintiff is unable to purchase the necessaries of his life, including but not limited to food, transportation, housing, etc., the plaintiff's reasonable attorneys' fees, costs and expenses, and punitive damages, among plaintiff's other damage and injury, all proximately caused to plaintiff, SERGIO PAVON, by virtue of the respective defendants' tortious conduct described herein all to plaintiff's damage and injury in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of punitive damages, plaintiff's reasonable attorneys' fees, and the costs, interest and disbursements herein.

  **42.** Plaintiff has been compelled to expend divers sums of moneys for his attorney, expenses and costs relating thereto all to plaintiffs damage and injury and lie was compelled to appear on various court dates hereinafter and continuing for a long time to come all to plaintiff's injury and damages in a sum to be determined by the triers of fact.

  **43.** Solely as a result of the foregoing discriminatory practices and conduct of the part of the named defendants, their agents, servants, and/or employees, jointly and severally, the said defendants committed acts and/or omission in violation of the New York State and New York City Human Rights Laws, and NYS Civil Rights

Lawss afore-mentioned, and plaintiff has sustained damages as a proximate result thereof, serious personal injuries and other consequential damages, has been forced to abstain from the usual and customary duties, plaintiff has been caused to sustain severe emotional distress and mental anguish as a result thereof, and plaintiff has been compelled to expend divers suns of monies for his reasonable attorney's fees and costs and expenses and has sustained a serious loss to his reputation in the community of New York. among other damages and injuries claimed by the plaintiff all to his damage.

**44.** Plaintiff verily believes that each of these defendants, their agents, servants and/or employees knew or should have known that the conduct they engaged in were prohibited discriminatory acts against plaintiff, SERGIO PAVON.

**45.** That the aforesaid discriminatory acts and omissions of the said defendants caused or were likely to proximately cause personal injury to the plaintiff, and also to proximately cause plaintiff, SERGIO PAVON, extreme emotional distress and did in fact cause such extreme emotional distress and mental anguish to plaintiff, SERGIO PAVON, all to plaintiff's grievous injury and damages.

**46.** That solely as a result of the foregoing, the plaintiff has been unlawfully discriminated against, and has been caused to suffer severe mental anguish, emotional distress, pain and humiliation, has been caused to abstain from the usual and customary duties, and has been compelled to expend divers sums of monies for medical care, attorney's fees, costs and expenses, all in an effort to treat plaintiff's ailments and to make plaintiff whole and the plaintiff verily believes that some of these injuries and damages are of a permanent and lasting nature and that plaintiff shall continue to suffer such serious personal injuries and damages for a long time to come, in the sum of FIVE

HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of plaintiff's reasonable attorneys' fees, costs, interest, disbursements and expenses and together with an additional sum and award against the respective defendants, jointly and severally for punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, METLIFE-INS AND NOVARTIS, JOINTLY AND SEVERALLY FOR MISREPRESENTATION:

**47.** Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in paragraph(s) numbered "1" through "46 inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

**48.** That the defendants, their agents, servants, employees and/or attorneys, jointly and severally made the foregoing false representations of material fact intending the plaintiff to reasonably rely upon such false representations of material fact to his detriment.

**49.** Plaintiff, SERGIO PAVON, reasonably relied upon the defendants' false representations of material fact to his detriment.

**50.** The defendants, their agents, servants, employees and/or attorneys, knew or should have known these representations were false when made, and/or such representations of material fact were made in reckless disregard of their truth or falsity.

**51.** The respective defendants so acted in order to wrongfully terminate the plaintiff's health and disability benefits, in order to wrongfully forego having to pay monies and benefits lawfully and contractually due to the plaintiff and others similarly situated, all to plaintiff's grievous injury and damages.

17

52.    That solely as a result of the foregoing, plaintiff, SERGIO PAVON, was proximately caused to sustain grievous injuries and damages, the plaintiff was compelled to retain the services of attorneys and to incur expenses therefore, the plaintiff was caused to suffer emotional distress and mental anguish as a result thereof as well as other, direct, consequential and incidental damages, the plaintiff has been compelled to abstain from his usual and customary duties, and has been compelled to pay and to become obligated to pay for a long time to come, the plaintiff's necessities, *inter alia,* medical care and treatment, pharmaceuticals, psychiatric treatment, supplies, housing, transportation, and upon information and belief the plaintiff will suffer same for a long time to come, all to his damage and injury in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of plaintiff's reasonable attorneys' fees, punitive damages against each defendant, and plaintiff's costs, interest and disbursements herein.

**WHEREFORE,** plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's FIRST CAUSE OF ACTION, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with an additional money award in favor of the plaintiff and against each defendant, jointly and severally, in this FIRST CAUSE OF ACTION, for plaintiff's reasonable attorney's fees herein ; plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's SECOND CAUSE OF ACTION, in the sum of FIVE HUNDRED THOUSAND DOLLARS; plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and

NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's THIRD CAUSE OF ACTION, for declaratory and preliminary and permanent injunctive relief as set forth in paragraph numbered "33" inclusive of this Verified Complaint, declaring and adjudging the plaintiff's rights, obligations and benefits, under his respective insurance agreements with each defendant, and his rights with respect to long term disability and group health benefits at issue herein, all together with plaintiff's compensatory damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, and awarding plaintiff, SERGIO PAVON, his reasonable attorney's fees herein, and punitive damages in a sum to be determined by the triers of fact and such other and further relief as is just, proper and equitable in the premises; plaintiff, SERGIO PAVON, demands a money judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's FOURTH CAUSE OF ACTION, for UNLAWFUL DISCRIMINATION, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, and in addition plaintiff demands his reasonable attorneys' fees, costs, interest, disbursements and expenses and together with an additional sum and award against the respective defendants, METLIFE INSURANCE COMPANY, INC. and NOVARTIS USA a/k/a NOVARTIS CORP., jointly and severally for punitive damages in an amount determined by the triers of fact; plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's FIFTH CAUSE OF ACTION, MISREPRESENT-ATION, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with an additional money award in favor of the plaintiff and against each defendant,

jointly and severally, in this FIFTH CAUSE OF ACTION, for plaintiff's reasonable attorney's fees and punitive damages against each defendant, jointly and severally;

All together with plaintiff's reasonable attorney's fees herein, preliminary and permanent injunctive relief as requested in this Verified Complaint, punitive damages against defendant, METLIFE INSURANCE COMPANY, INC. and defendant, NOVARTIS, USA, a/k/a NOVARTIS CORP., in a sum to be determined by the triers of fact, and plaintiff's expenses, costs, disbursements and interest herein.

**Dated: New York, New York
March 27, 2008**

Yours, etc.,

_____
ROBERT FELDMAN, ESQ. (RF-0810)
**Attorney(s) for Plaintiff
SERGIO PAVON
Office & P.O. Address
375 SOUTH END AVENUE, STE. 8F
NEW YORK, NEW YORK 10280
(646) 478-8852**

INDIVIDUAL VERIFICATION:

STATE OF NEW YORK   )
COUNTY OF NEW YORK) ss.:

SERGIO PAVON, being duly sworn deposes and says the following:

I am the Plaintiff in the above entitled action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge except for matters stated on information and belief, and as to those matters I believe them to be True. The grounds for my belief as to matters stated on information and belief, are my investigation of the case, books, records and other documents and records.

_____
SERGIO PAVON

Sworn to before me this
28th Day of March, 2008

_____
NOTARY PUBLIC

STEFANIE V. PLAUMANN
Notary Public, State of New York
No. 02PL6082802
Qualified in Kings County
Commission Expires November 4, 2006