LSK&D #: 564-8008 / 1005176

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SERGIO PAVON,

                                    Plaintiff,

           -against-

METROPOLITAN LIFE INSURANCE
COMPANY and NOVARTIS CORPORATION,

                                  Defendants.
-------------------------------------------------------------------x

**No. 08 cv 1272 (PAC)**

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Of Counsel:
Allan M. Marcus

Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Defendants

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii
   PRELIMINARY STATEMENT ........................................................................................ 1
   BACKGROUND .................................................................................................................. 2
   ARGUMENT ........................................................................................................................ 3
   POINT ONE

ERISA Preempts Plaintiff's State Law Claims And Provides The Exclusive Remedies Related To A Claim For Benefits Under An ERISA-Governed Employee Benefit Plan; Therefore, Plaintiff's State Law Claims Should Be Dismissed ............................................................................................................................. 3
     A. Standard for motion to dismiss under Fed. R. Civ. P. 12(B)(6) ...................... 3
     B. The group insurance coverage under which plaintiff claims benefits is provided by an ERISA-governed employee benefit plan ..................................... 3
     C. ERISA preempts plaintiff's state common-law and statutory claims ............ 5
        1. ERISA preempts claims related to employee benefit plans and provides the exclusive remedies for claims of improper denial of benefits ............ 5
        2. Pavon's state law claims are preempted by ERISA ..................................... 7
   POINT TWO

Novartis Corporation Is Not A Proper Party To A Claim For Plan Benefits .......... 9
CONCLUSION ..................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488 (2000) ............................ 5, 6

Bell Atlantic Corp. v. Twombly, __ U.S. ___, 127 S. Ct. 1955 (2007) ........................... 3

Camarda v. Pan-American World Airways, Inc., 956 F. Supp. 295 (E.D.N.Y. 1997) ....... 9

Chalmers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002) .......................................... 4

DeJesus v. Sears, Roebuck & Co., 87 F.3d 65 (2d Cir. 1996) ......................................... 3

Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270 (2d Cir. 1991) ..................... 9

Egelhoff v. Egelhoff, 532 U.S. 141 (2001) ........................................................................ 5

Harris v. City of New York, 186 F.3d 243 (2d Cir. 1989) .................................................. 3

Harrison v. Metropolitan Life Ins. Co., 417 F. Supp. 2d 424 (S.D.N.Y. 2006) .................. 8

Ingersoll-Rand Co. v. McClendon, 498 U.S. 133 (1990) .............................................. 6, 8

Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438 (S.D.N.Y. 2002) .......................... 8

Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777 (S.D.N.Y. 2001) ...................... 8, 10

Kolasinski v. CIGNA Health Plan of CT, Inc., 163 F.3d 148 (2d Cir. 1998) ..................... 8

Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2d Cir. 1989) .............................................. 10

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987) ............................................... 5, 8

Nelson v. Nielson Media Research, Inc., 207 F. Supp. 2d 300 (S.D.N.Y. 2002) .......... 6, 7

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) ................................................... 5, 6, 8

Rothman v. Gregor, 220 F.3d 81 (2d Cir. 2000) ............................................................... 4

Saks v. Franklin Covey Co., 117 F. Supp. 2d 318 (S.D.N.Y. 2000) ................................. 8

Shackelton v. Connecticut Gen. Life Ins. Co., 817 F. Supp. 277 (N.D.N.Y. 1993) ........... 8

Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983) .............................................................. 5

Smith v. Dunham-Bush, Inc., 959 F.2d 6 (2d Cir. 1992) .................................................. 7

Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077 (1st Cir. 1990) .......................... 3

**Statutes**

29 U.S.C. §§ 1001 ............................................................................................................ 1

29 U.S.C. § 1002(1)(A) ..................................................................................................... 3

29 U.S.C. § 1132 .................................................................................................5, 6

29 U.S.C. § 1132(a)(1)(B).........................................................................................6

29 U.S.C. § 1144(a).................................................................................................5

N.Y. General Business Law § 349............................................................................9

N.Y. Insurance Law § 2601 ......................................................................................9

**Rules**

Fed. R. Civ. P. 12(b)(6).........................................................................................i, 3

Defendants Metropolitan Life Insurance Company ("MetLife") and Novartis Corporation ("Novartis"), by their attorneys Lester Schwab Katz & Dwyer, LLP, move to dismiss Plaintiff Sergio Pavon's state law claims with prejudice pursuant to Rule 12(b)(6), Fed. R. Civ. P., and as their grounds therefor state as follows:

## PRELIMINARY STATEMENT

Pavon commenced this action alleging (1) wrongful termination of his long-term disability ("LTD") benefits under group disability insurance coverage provided by MetLife and (2) wrongful termination of health benefits under group medical insurance coverage provided by Novartis Pharmaceuticals Corporation ("Novartis Pharmaceuticals"). The benefits at issue were in fact provided by Pavon's former employer Novartis Pharmaceuticals under its employee benefits plan (the "Plan"), an employee welfare benefit plan within the meaning of and governed by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 et seq.

ERISA completely preempts Pavon's state common-law claims, including his claims for punitive and extracontractual damages, and provides the exclusive remedies for allegations of wrongful denial of benefits under employee benefit plans. Pavon's claims of discrimination under New York state and local statues are similarly preempted by ERISA because such claims relate to the alleged denial of his Plan benefits.

Therefore, Pavon's state law claims should be dismissed with prejudice.

Additionally, because Novartis Corporation is not an administrator of the Plan, it should be dismissed as an improper party to this action.

1

## **BACKGROUND**

As alleged in Plaintiff's Verified Complaint (a copy of which is attached as Exhibit "A" ("Complaint") to the Declaration of Allan M. Marcus ("Marcus Decl.")), the pertinent purported "facts" of this case are as follows:

1. Pavon was covered for certain LTD benefits under a group insurance policy provided by defendant MetLife. (Complaint, ¶ 6)

2. Pavon was covered for certain health insurance benefits through defendant Novartis. (Complaint, ¶ 7)

3. MetLife terminated Pavon's LTD benefits on or about January 11, 2008. (Complaint, ¶ 6, 10, 16)

4. Novartis terminated Pavon's group health coverage on or about January 31, 2008. (Complaint, ¶¶ 8, 10, 17)

5. In his Complaint, Pavon alleges state common-law causes of action against Defendants for (a) material breaches of their respective insurance agreements; (b) infliction of extreme emotional distress; (c) declaratory judgment and injunctive relief; and (d) misrepresentation. (Complaint, ¶¶ 18–22; 23-31; 32-38; 47-52) In addition, Pavon alleges unlawful discrimination under New York State and New York City Human Rights Laws. (Complaint, ¶¶ 39-46)

6. Pavon demands various damages, including punitive and extracontractual damages. (Complaint, "Wherefore" paragraph)

2

## ARGUMENT

## POINT ONE

**ERISA Preempts Plaintiff's State Law Claims And Provides The Exclusive Remedies Related To A Claim For Benefits Under An ERISA-Governed Employee Benefit Plan; Therefore, Plaintiff's State Law Claims Should Be Dismissed**

### A. Standard for motion to dismiss under Fed. R. Civ. P. 12(b)(6)

Dismissal of a complaint for failure to state a claim on which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) is proper where "it appears beyond a doubt that the plaintiff can provide no set of facts that would entitle him to relief." Harris v. City of New York, 186 F.3d 243, 247 (2d Cir. 1989). The court accepts as true all factual allegations in the complaint, and views them in the light most favorable to the plaintiff. See DeJesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996). However, a plaintiff must provide the grounds of his entitlement to relief beyond mere conclusory allegations. See Bell Atlantic Corp. v. Twombly, __ U.S. ___, 127 S. Ct. 1955, 1964-65 (2007).

### B. The group insurance coverage under which plaintiff claims benefits is provided by an ERISA-governed employee benefit plan

Under ERISA, an "employee benefit plan" is defined as a plan or program established and maintained for "the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise,... benefits in the event of sickness, accident, disability ...." 29 U.S.C. § 1002(1)(A). See Wickman v. Northwestern Nat'l Ins. Co., 908 F.2d 1077 (1st Cir. 1990).

The disability benefits which Pavon alleges were improperly terminated (see Complaint, ¶¶ 8, 10) were provided under the "Novartis Pharmaceuticals Corporation Welfare Benefit Plan." (See Marcus Decl., Ex. B, Disability Plan Summary Plan

Description ("Disability SPD"),[1] pp. 3, 10). The Disability SPD states that "[t]he plan is a "Welfare Benefit Plan" for purposes of ERISA. (Disability SPD, p. 10) It further states that the Disability Plan is funded by the "general assets" of the employer Novartis Pharmaceuticals (i.e., it is self-funded rather than insured). (Id., p. 11) It identifies AIG as the Plan's claims administrator.[2] (Id., pp. 9, 11) The Disability SPD also includes a section captioned "Your ERISA Rights," which explains what a Plan participant's rights are under ERISA. (Id., p. 12) In addition, the letter from MetLife dated January 11, 2008, terminating Pavon's LTD benefits (which the Complaint references at ¶¶ 8, 10) refers to the Novartis Plan and notifies Pavon of his right to bring a lawsuit under ERISA if his appeal is denied. (See Marcus Decl., Ex. D.)

It is clear, therefore, that the LTD benefits Pavon seeks are provided by an employee benefit plan governed by ERISA.

Similarly, the health benefits which Pavon alleges were improperly terminated (see Complaint ¶¶ 8, 13, 17) were provided under the "Novartis Pharmaceuticals Corporation Welfare Benefits Plan." (See Marcus Decl., Ex. C ("Medical SPD"), pp. 125–128.) The Medical SPD identifies the Medical Plan as a "welfare benefit plan,

---

[1] For purposes of Rule 12(b)(6), Fed. R. Civ. P., the Second Circuit has held that the complaint is deemed to include any document incorporated into it by reference. See Rothman v. Gregor, 220 F.3d 81, 98-99 (2d Cir. 2000). Even if a document is not incorporated by reference, the court may consider it if the complaint relies heavily upon its terms and effects, rendering the document integral to the Complaint. See Chalmers v. Time Warner, Inc., 282 F.3d 147 (2d Cir. 2002). Thus, since the Complaint references plaintiff's "group insurance" coverage (see Complaint, ¶¶ 6, 8, 10), the pertinent terms of which are contained in the SPD excerpts attached to the Marcus Declaration as Exhibits B and C, the Court should consider these documents in ruling on this motion.

[2] MetLife is the current claims administrator for the Disability Plan under an Administrative Services Agreement ("ASA") effective January 1, 2004.

providing medical benefits, for purposes of ERISA" (id., p. 127) and includes a section on a participant's rights and protections under ERISA (id., pp. 128 – 29).

It is also clear, therefore, that the medical benefits Pavon seeks are provided by an employee benefit plan governed by ERISA.

### C. ERISA preempts plaintiff's state common-law and statutory claims

#### 1. ERISA preempts claims related to employee benefit plans and provides the exclusive remedies for claims of improper denial of benefits

ERISA Section 514(a) provides: "Except as provided in [the saving clause] … [ERISA shall] supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan …" 29 U.S.C. § 1144(a). "[A] state law relates to a benefit plan if it has a connection with or reference to such plan." Egelhoff v. Egelhoff, 532 U.S. 141, 147 (2001) quoting Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96-97 (1983). The U.S. Supreme Court has broadly construed ERISA's preemption clause. See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45-46 (1987) ("the express preemption provisions of ERISA are deliberately expansive"). ERISA's "expansive pre-emption provisions…are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 124 S. Ct. 2488, 2495 (2000) (citation omitted). Indeed, the Supreme Court has held that ERISA preemption is so complete that any complaint seeking benefits under an employee benefits plan – even if pleaded as state law claims (as is the case in the instant lawsuit) – is "necessarily federal in character" and may be removed to federal court. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

A second basis for broad ERISA preemption is found in ERISA's civil enforcement provision, Section 502, 29 U.S.C. § 1132, which prescribes, inter alia,

remedies for a plan participant seeking "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has held that Congress' clear intent is that ERISA's civil enforcement scheme be exclusive. See Pilot Life, 481 U.S. at 51-57; Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 142-43 (1990). The Supreme Court has declared: "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies, argue strongly for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive." Pilot Life, 481 U.S. at 54. The Court instructed that courts must guard against allowing "ERISA-plan participants and beneficiaries … to obtain remedies under state law that Congress rejected in ERISA." Id. The Supreme Court recently reaffirmed the "extraordinary preemptive power" of ERISA's civil enforcement mechanism (i.e., Section 502, 29 U.S.C. § 1132), stating: "[A]ny state law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health, 124 S. Ct. at 2495. Thus, ERISA preempts any state law claims that seek remedies that conflict with the exclusive remedial provisions under Section 502.

Courts in the Second Circuit have held that state-law claims related to an employee benefit plan are preempted by ERISA. "[A] state common-law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." Nelson v. Nielson Media Research, Inc., 207 F. Supp. 2d 300, 303 (S.D.N.Y. 2002) (internal quotation omitted). As one court has explained: "Though the

claims [were] presented as arising under New York State law, their purpose [was] to recover benefits due under the terms of the Plan." Id., 207 F. Supp. 2d at 302-03.

For example, in Smith v. Dunham-Bush, Inc., 959 F.2d 6 (2d Cir. 1992), the Second Circuit held that a plaintiff's state law claims for breach of contract and negligent misrepresentation, which were premised on his employer's alleged breach of an oral agreement to provide him with pension benefits in excess of those provided under the employer's ERISA regulated benefits plan, were preempted by ERISA. See Smith, 959 F.2d at 7. The Second Circuit reasoned that, "[a]s a suit brought by a plan participant to clarify future benefits in relation to a covered plan, it falls within the scope of section 502(a)(1)(B), which provides an exclusive federal cause of action for the resolution of such disputes." Id. at 8. The court rejected the plaintiff's argument that his claims did not "relate" to his benefits plan, but only to the pension benefits themselves, finding that, "[i]n reality, his suit represents an attempt to supplement the plan's express provisions and secure an additional benefit. [It] therefore relates not merely to his benefits, but to the essence of the plan itself." Id. at 10. Moreover, the plaintiff's claim was not saved by the fact that the preemption of this state law claim left him without a viable cause of action under ERISA, which precludes oral modification of written plans, because "the preclusion of remedy does not bar operation of ERISA preemption." Id. at 10-11 (citing cases).

### 2. Pavon's state law claims are preempted by ERISA

Pavon alleges state law claims for breach of contract, misrepresentation, infliction of emotional distress, declaratory and injunctive relief, and discrimination - - all arising from Defendants' alleged termination of his LTD and Medical benefits. The Supreme Court has held that such claims as Pavon's alleging state law causes of action

7

for the improper processing of claims for ERISA-plan benefits are preempted. See, e.g., Pilot Life, 481 U.S. at 54-56 (tortious breach of contract, bad faith, punitive damages claims preempted); Metropolitan Life, 481 U.S. at 61 (mental anguish claims preempted); Ingersoll-Rand, 498 U.S. at 136 (tort and contract claims, punitive and mental anguish damages preempted).

Likewise, the law in this Circuit makes it abundantly clear that Pavon's common-law and statutory claims, which seek to assert alternate legal theories for damages arising out of the Defendants' alleged denial of benefits under ERISA plans, are preempted by ERISA's civil enforcement regime. See, e.g., Kolasinski v. CIGNA Health Plan of CT, Inc., 163 F.3d 148, 149 (2d Cir. 1998) (holding that ERISA preempts breach of contract and unfair trade practices claims arising out of failure to pay for medical treatment under plan); Harrison v. Metropolitan Life Ins. Co., 417 F. Supp. 2d 424, 431 (S.D.N.Y. 2006) (holding that ERISA preempts New York common-law breach of contract and breach of fiduciary duty claims arising out of denial of life insurance benefits under plan); Kishter v. Principal Life Ins. Co., 186 F. Supp. 2d 438, 446-47 (S.D.N.Y. 2002) (holding that ERISA preempts breach of contract and fraud claims arising from failure to pay plan benefits); Kok v. First Unum Life Ins. Co., 154 F. Supp. 2d 777, 780-81 (S.D.N.Y. 2001) (holding that ERISA preempts plaintiff's state law claims for breach of contract, malicious interference with contract, and specific performance that all stem from denial of benefits under disability plan); Saks v. Franklin Covey Co., 117 F. Supp. 2d 318, 330 (S.D.N.Y. 2000) (holding that ERISA preempts employee's claim against employer's health benefits plan for violation of state human rights law arising from denial of infertility treatments); Shackelton v. Connecticut Gen.

Life Ins. Co., 817 F. Supp. 277, 283-284 (N.D.N.Y. 1993) (holding that ERISA preempts claims under N.Y. General Business Law § 349 (prohibiting deceptive business conduct) and N.Y. Insurance Law § 2601 (prohibiting unfair insurance claim practices) arising from termination of home health care benefits under medical plan).

Therefore, because they relate to the ERISA-governed Novartis Pharmaceuticals Disability and Medical Plans and purport to provide remedies for alleged improper processing of Plan benefits which conflict with or supplement ERISA's exclusive remedies, Pavon's state common-law and statutory claims are preempted and should be dismissed.

Moreover, Pavon's claims for punitive and extracontractual damages also conflict with ERISA's exclusive remedial provision and are therefore preempted. See, e.g., Diduck v. Kaszycki & Sons Contractors, Inc., 974 F.2d 270, 286 (2d Cir. 1991) (holding that punitive damages not available under analogous provisions of ERISA Section 502(a)(2)); Camarda v. Pan-American World Airways, Inc., 956 F. Supp. 295, 305 (E.D.N.Y. 1997) (punitive damages and attorney's fees claims preempted). Therefore, Pavon's claims for punitive and extracontractual damages should be dismissed.

## POINT TWO

### Novartis Corporation Is Not A Proper Party To A Claim For Plan Benefits

If the Court permits plaintiff to replead his Complaint as an ERISA cause of action, defendant Novartis Corporation should be dismissed as an improper party because it is not an administrator of the Plan. The Plan Administrator of both the

Medical Plan[3] and Disability Plan is the Benefits Committee, Novartis Pharmaceuticals Corporation. (See Medical SPD, p. 126; Disability SPD, p. 10.)

The Second Circuit has held that, in a claim for recovery of ERISA-plan benefits, "only the plan and the administrators and trustees of the plan in their capacity as such may be held liable." Leonelli v. Pennwalt Corp., 887 F.2d 1195, 1199 (2d Cir. 1989). Because Novartis Corporation is neither an administrator nor trustee of the Plan, it should be dismissed from this action. See, e.g., Kok, 154 F. Supp. 2d at 780 (dismissing employer as improper party because only plan and its administrator could be liable for benefits).

## CONCLUSION

For the reasons discussed above, the Court should dismiss plaintiff's state law claims with prejudice. The Court should also dismiss defendant Novartis Corporation as an improper party.

Dated:     New York, New York
           April 17, 2008

Respectfully submitted,

LESTER SCHWAB KATZ & DWYER, LLP

_____
Allan M. Marcus (AM-9027)
120 Broadway
New York, New York  10271
(212) 964-6611
Attorneys for Defendants
Metropolitan Life Insurance Company and
Novartis Corporation

---

[3] Defendant MetLife, the claims administrator for the LTD Plan, has no connection to the Medical Plan. (See Medical SPD, pp. 126-27.)

TO:

Robert J. Feldman, Esq.
375 South End Avenue, Suite 8F
New York, New York 10280
(646) 478-8852
Attorney for Plaintiff