**LSK&D #: 564-8008 / 1008621**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

SERGIO PAVON,

                              Plaintiff,

            -against-

METROPOLITAN LIFE INSURANCE
COMPANY and NOVARTIS CORPORATION,

                              Defendants.

-------------------------------------------------------------------x

**No. 08 cv 1272 (PAC)**

**DECLARATION OF
ALLAN M. MARCUS**

     I, Allan M. Marcus, declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

     1.     I am Of Counsel to the law firm of Lester Schwab Katz & Dwyer, LLP, attorneys for Defendants in the above-captioned action. I submit this Declaration in support of Defendants' Motion to Dismiss Plaintiff's Complaint.

     2.     Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Verified Complaint, which was served on March 28 and filed on March 31, 2008. (See Docket No. 13.)

     3.     Attached hereto as Exhibit "B" are true and correct copies of excerpts from the Novartis Pharmaceuticals Corporation Disability Insurance Plan Summary Plan Description.

     4.     Attached hereto as Exhibit "C" are true and correct copies of excerpts from the Novartis Pharmaceuticals Corporation Medical Plan Summary Plan Description.

5.    Attached hereto as Exhibit "D" is a true and correct copy of the letter dated January 11, 2008 from Defendant Metropolitan Life Insurance Company to Plaintiff's attorney Robert J. Feldman, Esq.

Dated:      New York, New York
            April 17, 2008

**ALLAN M. MARCUS**

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
———————————————————————————X

**SERGIO PAVON,**

                Plaintiff,                            **VERIFIED
COMPLAINT**

    -against-

**METROPOLITAN LIFE INSURANCE CO., INC.,**
And **NOVARTIS CORP.,**                      Case No. 08 CV 1272(PAC)
                Defendants.
———————————————————————————X

    Plaintiff, SERGIO PAVON, by his attorney(s), ROBERT FELDMAN, ESQ., and

complaining of the Defendants, **METROPOLITAN LIFE INSURANCE CO.,** and

**NOVARTIS USA a/k/a NOVARTIS CORP.,** respectfully shows to the Court and

alleges the following as and for his Verified Complaint:

**I.**      **PARTIES:**

      **1.**      Upon information and belief and at all times hereinafter mentioned,

Defendant, **METROPOLITAN LIFE INSURANCE CO.,** *INC.,* (hereinafter referred to

as "METLIFE-INS" or "Defendant") was and still is a foreign corporation organized and

existing under and by virtue of the laws of the State of Delaware, and/or was and still is

authorized to do business in the State of New York, County of New York, with its

principal place of business located at 200 Park Avenue, New York, New York 10166,

County of New York, City and State of New York.

      **2.**      Upon information and belief and at all times hereinafter mentioned,

Defendant, **METLIFE-INS,** was and still is a wholly owned subsidiary of **MET LIFE,**

**INC.,**(Hereinafter referred to as "METLIFE") a foreign corporation organized and

existing under and by virtue of the laws of the State of Delaware, and/or was and still is

authorized to do business in the State of New York, County of New York, with its

principal place of business located at 200 Park Avenue, New York, New York 10166, County of New York, City and State of New York.

3.      Upon information and belief and at all relevant times hereinafter mentioned, Defendant, **NOVARTIS CORP.** a/k/a **NOVARTIS U.S.A.,** was and still a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware, and/or was and still is authorized to do business in the State of New York, County of New York, with its principal place of business located at 608 Fifth Avenue, New York, New York 10020.

4.      Upon information and belief and at all relevant times hereinafter mentioned, Defendant, **NOVARTIS USA,** was and still is a wholly owned subsidiary of non-party, **NOVARTIS INTERNATIONAL, AG,** which was and still a foreign country corporation organized and existing under and by virtue of the laws of Switzerland and/or was and still is authorized to do business in the State of New York, and **NOVARTIS INTERNATIONAL, AG's** principal place of business is located at **CH-4002, Basel, Switzerland.**

5.      Upon information and belief, and at all times hereinafter mentioned, the plaintiff, SERGIO PAVON (Hereinafter referred to as "SERGIO" or "Plaintiff"), was at all relevant times and still is a domiciliary and citizen of the State of New York, with his residence located at 270 West 17th Street, Apt. 11A, County of New York, City and State of New York 10011.

6.      At all times hereinafter mentioned, the defendant, METLIFE-INS, was and still is the disability insurance provider of the plaintiff, SERGIO, who has provided to plaintiff at all relevant times the plaintiff's long term disability benefits under Group

Health Coverage Claim Number 630404216563, whose short term disability and/or short term disability benefits commenced in or about December 2003, and thereafter, plaintiff qualified for and/or obtained from the defendant, METLIFE-INS, long term disability benefits which commenced in or about June-July, 2004.

7.    At all times herein mentioned the plaintiff, JOHN DOE, was and still is a person with a permanent disability, and as such plaintiff, JOHN DOE, was at all relevant times and still is person entitled to the protection afforded disabled persons, *inter alia,* under the NYC Administrative Code §§ 8-101, § 8- 108; and plaintiff, JOHN DOE, was at all relevant times and still is a handicapped/disabled person as defined under the New York State Human Rights Law, Executive Law § 292 et seq., and entitled to the protections of said laws, and plaintiff, JOHN DOE, was further protected from the discriminatory acts and omissions of the defendants pursuant to NYS Civil Rights Law § 40-c

8.    That defendant, METLIFE-INS, thereafter wrongfully terminated the plaintiff's disability benefits and Group Health Coverage on or about January 11, 2008 and defendant, **NOVARTIS,** thereafter wrongfully terminated the plaintiff's Group Health Coverage January 31, 2008 in bad faith and without reasonable cause in law or fact, since the grounds enumerated in the defendant's claim letter are without any credible basis in fact; to wit, the defendants falsely claimed that the treating psychiatrist did not receive any requests for reports from defendant whereas, in point of fact, the plaintiff, **SERGIO,** had been examined on or about October 10, 2006, by an independent treating psychiatrist, Dr. Solomon Miskin, who was acting on behalf of the defendant, METLIFE-INS, and Dr. Miskin's IME Report of October 10, 2006, confirmed and

opined within a reasonable degree of medical certainty, that the plaintiff, SERGIO, had

sustained, and was still suffering from his long term disability and plaintiff verily

believes said Report opined that plaintiff would continue to suffer from said long term

disability for a long time to come.

9.      Upon information and belief and at all times hereinafter mentioned, the

said defendants, METLIFE-INS, NOVARTIS, their agents, servants and/or employees,

respectively, unlawfully and/or tortiously discriminated against the plaintiff, SERGIO,

based upon the plaintiff's disability status, as herein alleged all to plaintiff's grievous

injury, damages, extreme emotional distress, mental anguish, great anxiety, humiliation.

10.     That at all relevant times after the defendant, METLIFE-INS, had

wrongfully terminated and/or cut off the plaintiff's long term disability benefits, on or

about January 11, 2008,  the co-defendant, Novartis which company, at all relevant times

herein mentioned provided plaintiff with his medical and drug benefits, without

reasonable cause in law or fact, wrongfully and unlawfully terminated the plaintiff's

medical and drug benefits, solely on the basis of the defendant's, MET LIFE-INS', prior

wrongful termination of plaintiff's long-term disability benefits.

II      VENUE

11.     Plaintiff designates New York County as the place of trial of this lawsuit,

on the grounds that the commercial real property at issue in this lawsuit is located in New

York County, and the Plaintiff resides in New York County, and the causes of action/

claims herein alleged all arose or occurred in New York County, and venue is properly

laid in New York County, pursuant to Article 5 of the NYS Civil Practice Law and Rules.

4

### III.    JURISDICTION

12.    The only Court that has proper jurisdiction of this lawsuit was the Court of original instance, the Supreme Court of the State of New York, County of New York, and as this lawsuit was improperly and wrongfully removed to the United States District Court for the Southern District of New York, this lawsuit should be forthwith remanded, as the claims set forth hereinbelow, do not fall within the Article III powers of this Court, nor is there any basis for removal herein, where the plaintiff's claims do not concern or involve federal question jurisdiction and where federal diversity jurisdiction is likewise lacking in this lawsuit. This Verified Complaint has been filed at the direction of the Judge in the case at bar, without prejudice to the plaintiff's assertion that its claims are solely state law claims to be heard in the Courts of the State of New York.

### IV.    RELEVANT UNDERLYING FACTS

13.    That the defendants have engaged in bad faith action by the defendants amount to an intentional infliction of emotional distress by the respective defendants, their agents, servants and/or employees upon the plaintiff and has caused the plaintiff to suffer damages in an amount to be determined by the finder of fact, plus punitive damages for defendants' bad faith termination of plaintiff's Long Term Disability benefits and his Group Health Coverage exclusive of plaintiff's reasonable legal fees, disbursements and punitive damages sought herein.

14.    At all relevant times hereinafter mentioned, the Plaintiff, SERGIO was and still is a disabled person, as that term is defined in the New York State and Federal Law, and began receiving short term disability benefits commencing in mid-year 2003.

15.    That the plaintiff disability status under the law and under the facts has

5

remained the same at all times from June, 2004 to date.

16.    That the defendant, METLIFE-INS, its agents, servants and/or employees, with knowledge that the following representations of material facts were false and/or in reckless disregard as to their truth or falsity, that plaintiff's treating psychiatrist allegedly received requests for medical/disability reports from defendant, but that the plaintiff and/or said treating psychiatrist failed and refused to timely provide such report to said defendant insurer; that the defendant, its agents, servants and/or employees, and/or persons acting on behalf of defendant METLIFE-INS or in concert therewith, denied that the independent treating psychiatrist Dr. Solomon Miskin, who was recently hired by the defendant concerning the plaintiff's disability, in his expert report (IME), on or about October 10, 2006, the existence and continuation of plaintiff's long term disability, and that within a reasonable degree of medical certainty that plaintiff would continue to be so disabled for a long time to come, and/or said defendant, its agents servants and/or employees and/or persons acting on its behalf or in concert therewith further denied, without any reasonable factual or legal basis therefore, and in bad faith, that the plaintiff had any long term disability, all to plaintiff's grievous injury and damages.

17.    That co-defendant, NOVARTIS, without just or reasonable cause therefore, and relying solely upon the wrongful and unlawful denial of coverage and breach of contract of the defendant, METLIFE-INS, the said co-defendant, NOVARTIS, did materially breach its Agreement with the plaintiff, SERGIO, and said co-defendant, without basis or authority in law or fact, did wrongfully and unlawfully cancel the plaintiff's, SERGIO's, Group Health Coverage on January 31, 2008 without any credible or reasonable basis in fact or law, all to plaintiff's grievous injury and damages.

## V.    PLAINTIFF'S CAUSES OF ACTION:

### A.    FIRST CAUSE OF ACTION AGAINST THE DEFENDANTS, METLIFE-INS AND NOVARTIS, JOINTLY & SEVERALLY FOR MATERIAL BREACH(ES) OF INSURANCE AGREEMENTS:

18.    Plaintiff, SERGIO, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "17" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

19.    That at all relevant times herein mentioned, the plaintiff, SERGIO, did fully perform all his obligations and duties under his agreement with the defendant, METLIFE-INS.

20.    That the respective insurance agreements of the parties herein, *inter alia,* obligated the respective defendants to continue to pay the plaintiff his respective long term disability benefits and group health insurance benefits, during the period when the plaintiff is suffering from his long term disabilities and neither defendant had or has the right to unilaterally cancel their respective insurance coverage, disability payments and/or group health coverage payments to the plaintiff.

21.    That solely as a result of the defendants' respective material breaches of their respective insurance agreements with the plaintiff, SERGIO, the plaintiff has been compelled to retain attorneys and legal assistance, and to incur costs, expenses, legal fees and disbursements as a proximate result thereof, all to plaintiff's damages and injury in a sum to be determined by the triers of fact.

22.    That the respective defendants', METLIFE-INS' and NOVARTIS' bad faith conduct, unlawful acts and omissions constituted a material breach of its respective agreements with the plaintiff, SERGIO, proximately caused the plaintiff to sustain severe

emotional distress and mental anguish as a result thereof, and to incur medical expenses and other damages in an effort to cure plaintiff of his ailments, and that plaintiff has been confined to his bed and home as a result thereof, and has been unable to attend to his usual and customary duties as a proximate result of the defendants material breaches of said agreements and that plaintiff has been deprived of his right to obtain required medications, medicines, medical care, psychiatric care, supplies, as a result of the foregoing material breaches of their respective agreements with the plaintiff, and the plaintiff has been caused to sustain the loss of his income and his ability to pay for the necessaries of his life, including but not limited to food, transportation, housing, etc., due to the defendants' wrongful and unlawful acts and omissions; that the respective defendants further breached the provisions of the parties' contract by the defendant's material breaches of their agreement, and by reason of the defendant's false representations of material fact, and that defendant's acts and/or omissions were and still are without just cause, excuse or justification and have proximately caused plaintiff, SERGIO PAVON, plaintiff's injury, damages, extreme emotional distress, mental anguish, great anxiety, humiliation all to his grievous injury and damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of plaintiff's costs, interest, disbursements, punitive damages and plaintiff's reasonable attorney's fees.

**B. AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS METLIFE-INS & NOVARTIS, JOINTLY & SEVERALLY, FOR INFLICTION OF EXTREME EMOTIONAL DISTRESS:**

**23.**    Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "22" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at

length.

24.    That solely as a proximate result of the culpable and tortious acts and omissions of the Defendants, their agents, servants, employees, persons acting in concert therewith, in conspiracy with the defendants, the Plaintiff, SERGIO, was compelled to expend and become liable for payment of divers sums of monies for his necessaries, medical care and treatment, psychiatric care and treatment, plaintiff's necessaries and necessities, housing costs, pharmaceutical costs, food and transportation costs, and upon information and belief, may be so required for some time to come, that he has been compelled to expend and will be so compelled for a long time to come to expend divers sums of monies for the aforesaid, all to plaintiff's grievous injury and damages; and the Plaintiff has sustained severe mental anguish and emotional distress, shame and ridicule as a proximate result of the respective Defendants' tortious and unlawful conduct, and Plaintiff has been caused to suffer severe shame, humiliation and ridicule as a proximate result of the wrongful and culpable acts and omissions of the Defendants, their agents, servants and/or employees, that Plaintiff has been violated by the culpable and unlawful conduct of the Defendants, their agents, servants and/or employees, and Plaintiff was compelled to retain attorneys to defend himself against the unlawful, tortious, baseless and frivolous conduct of the Defendants, their agents, servants and/or employees, all to plaintiff's grievous injury and damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS.

25.    That the wrongful and unlawful acts and omissions of the Defendants, their agents, servants, employees, persons acting in concert therewith or conspiring

therewith, were so outrageous and beyond the limits of acceptable conduct between insurers and insured, and so far beyond the law, that they cannot and should not be countenanced by any Court or trier of fact, and are extreme and outrageous as a matter of law, all to Plaintiffs grievous injury and damages.

26.    That the wrongful and unlawful acts and omissions of the Defendants, their agents, servants, employees, persons acting in concert therewith or conspiring therewith, were so outrageous and beyond the limits of acceptable conduct between insurer and insured, such that the defendants, their agents, servants and/or employees knew or should have known that their acts and omissions would proximately cause extreme emotional distress, mental anguish, shame and humiliation to the Plaintiff together with attendant physical symptoms.

27.    That the aforesaid tortious and unlawful acts and omissions of the respective defendants, their agents, servants and/or employees, proximately caused and/or were likely to proximately cause extreme emotional distress to the plaintiff, SERGIO PAVON, and did in fact cause such extreme emotional distress and mental anguish to plaintiff, SERGIO PAVON, all to plaintiff's grievous injury and damages.

28.    That solely as a result of the foregoing, the plaintiff has been caused to suffer severe mental anguish, emotional distress, pain and humiliation, has been caused to abstain from the usual and customary duties, and has been compelled to expend divers sums of monies for medical care, attorney's fees, costs and expenses, all in an effort to treat plaintiff's ailments and to make plaintiff whole.

29.    Upon information and belief and at all times herein mentioned, the plaintiff alleges that each of the respective defendants, their agents, servants and/or

employees, in violation of their agreements with the plaintiff and others similarly situated, and in violation of law, engaged in bad faith course of conduct, to deprive the disabled and vulnerable and powerless plaintiff and others similarly situated, of their long term disability benefits and group health benefits, without basis or authority in law and fact.

30.    That as a proximate result of this course of conduct, the plaintiff and others similarly situated, have been deprived of their rightful benefits and their ability to live in a dignified manner, by their wrongful cancellation/termination of the plaintiff's and similarly situated persons' long term disability and group health insurance benefits, and impaired and deprived the plaintiff, SERGIO PAVON, and others similarly situated of their ability to purchase necessaries, *inter alia,* housing, food, medicines, medical treatment, psychiatric treatment, supplies, transportation, creating a substantial risk to the health and well being of the plaintiff, and others similarly situated, and creating a menace to the general public, by virtue of the respective defendants' cruel and inhuman policy decisions.

31.    That these tortious and unlawful acts and omissions by the Defendants, their agents, servants, employees, persons acting in concert therewith or conspiring therewith, were so outrageous and beyond the limits of acceptable conduct between insurers and insured that they affected not only the Plaintiff, but other members of the insurers' customers and the general public, and as a result, the Plaintiff is entitled to punitive damages against each Defendant, jointly and severally in a sum to be determined as appropriate by the trier of facts in addition to the Plaintiffs claims for compensatory damages.

## AS AND FOR A THIRD CAUSE OF ACTION FOR DECLARATORY JUDGEMENT & INJUNCTIVE RELIEF:

32.    Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

33.    That pursuant to CPLR 3001, et seq, the plaintiff, SERGIO PAVON, demands a declaratory judgment against the defendants, METLIFE-INS and NOVARTIS, jointly and severally, *inter alia,* declaring the rights and obligations of the parties herein, declaring that the respective terminations and/or cancellations of the long term disability benefits and group health benefits was unlawful, improper, in violation of law, constituted a material breach of the respective agreements, and enjoining and directing the respective defendants, their agents, servants and/or employees to forthwith restore all of the plaintiff's long term disability benefits and his Group Health Insurance benefits, retroactively respectively to on or about January 11, 2008 and on or about January 31, 2008, to continue thereafter, directing the defendants to pay the defendants' hospital, medical, nursing, pharmaceutical, doctor's bills, and/or any other bills incurred by the plaintiff during the period of the unlawful cutoff of plaintiff's benefits, that were and are payable in accordance with the terms of the plaintiff's insurance agreements with the within defendants, that the Court grant the plaintiff such other relief as is just and proper in the premises, together with punitive damages against each defendant, in an amount not exceeding ten times the amount of compensatory damages, that the Court grant temporary, preliminary and/or permanent injunctive relief in favor of the plaintiff and against the defendants, their agents, servants and/or employees, jointly and severally,

12

in the amount of compensatory damages in the sum of FIVE HUNDRED THOUSAND

($500,000) DOLLARS exclusive of plaintiff's reasonable attorney's fees and costs and

expenses herein, in an amount to be determined by the trier of facts, together with

plaintiff's costs, interest, punitive damages, and disbursements herein.

34.    The balance of equities is in favor of the Plaintiff.

35.    The Plaintiff has a reasonable likelihood of success on the merits

of this action.

36.    The Plaintiff does not have an adequate remedy at law.

37.    The Defendants have unclean hands and have acted in bad faith

against the Plaintiff and others similarly situated.

38.    Plaintiff further requests a declaratory judgment against each defendant,

METLIFE-INS and NOVARTIS, jointly and severally, that the Court declare the rights,

obligations and duties of the parties herein, and that the Court grant temporary,

preliminary and/or permanent injunctive relief in favor of the plaintiff, and against the

defendant, its agents, servants, employees, and/or officers, to protect the rights of the

plaintiff and/or to direct the defendant, its agents, servants and/or employees, to cancel

and annul any determination of the defendant to cancel plaintiff's disability benefits, and

for the Court to Order such benefits reinstated *nunc pro tunc* together with any retroactive

disability payments and/or benefits that defendant wrongfully refused to pay to the

plaintiff herein;  that the Court declare and adjudge that the defendants, jointly and

severally, violated the NYS Executive Law and NYC Human Rights Laws, in unlawfully

discriminating against the plaintiff on the grounds of his disability; and  that solely as a

result of the foregoing, the defendant has proximately caused the plaintiff to sustains

monetary damages and injury, exclusive of plaintiff's legal fees, costs, expenses, punitive

damages and disbursements, in the sum of FIVE HUNDRED THOUSAND ($500,000)

DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANTS, METLIFE-INS & NOVARTIS, JOINTLY & SEVERALLY FOR UNLAWFUL DISCRIMINATION UNDER THE NYS EXECUTIVE LAW & NYC HUMAN RIGHTS LAWS

39.    Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and

every allegation contained in pargraph(s) numbered "1" through "38" inclusive of this

Verified Complaint and makes them a part hereof as though fully set forth herein at

length.

40.    Plaintiff verily believes that the defendants have engaged in a course of

conduct to remove permanently disabled persons, such as the plaintiff, SERGIO PAVON,

from receiving their long term disability benefits and/or group health insurance benefits,

by wrongfully terminating the benefits of such extremely vulnerable and powerless

disabled persons, such as plaintiff, SERGIO PAVON, and the respective defendants, in

bad faith and without reasonable basis or authority in law of fact, have wrongfully put

corporate profits above the defendants' contractual obligations and duties to provide the

disability and group health benefits that the disabled plaintiff and others similarly situated

had duly contracted for, all to plaintiff's grievous injury and damages.

41.    Pursuant to the foregoing State Laws and Federal Laws the plaintiff,

SERGIO PAVON, is aggrieved by the respective defendants' violation of said provision

of law, and the discriminatory acts and omissions of the respective defendants, their

agents, servants and/or employees, and plaintiff is entitled to recover damages from the

respective defendants for the serious personal injuries and damages proximately caused

to the plaintiff, by the respective defendants' violations of each of the foregoing statutes. Such damages include but are not limited to the plaintiff's injury caused by said unlawful conduct, plaintiff's being terminated from long term disability benefits and his group health insurance policies, the plaintiff's sustaining severe mental anguish, extreme emotional anxiety, humiliation,  the loss of income proximately caused by the respective defendants' discriminatory and unlawful conduct, that has severely and negatively affected the plaintiff's ability to live day to day, to plaintiff is unable to purchase the necessaries of his life, including but not limited to food, transportation, housing, etc., the plaintiff's reasonable attorneys' fees, costs and expenses, and punitive damages, among plaintiff's other damage and injury, all proximately caused to plaintiff, SERGIO PAVON, by virtue of the respective defendants' tortious conduct described herein all to plaintiff's damage and injury in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of punitive damages, plaintiff's reasonable attorneys' fees, and the costs, interest and disbursements herein.

42.    Plaintiff has been compelled to expend divers sums of moneys for his attorney, expenses and costs relating thereto all to plaintiffs damage and injury and lie was compelled to appear on various court dates hereinafter and continuing for a long time to come all to plaintiff's injury and damages in a sum to be determined by the triers of fact.

43.    Solely as a result of the foregoing discriminatory practices and conduct of the part of the named defendants, their agents, servants, and/or employees, jointly and severally, the said defendants committed acts and/or omission in violation of the New York State and New York City Human Rights Laws, and NYS Civil Rights

Lawss afore-mentioned, and plaintiff has sustained damages as a proximate result thereof, serious personal injuries and other consequential damages, has been forced to abstain from the usual and customary duties, plaintiff has been caused to sustain severe emotional distress and mental anguish as a result thereof, and plaintiff has been compelled to expend divers suns of monies for his reasonable attorney's fees and costs and expenses and has sustained a serious loss to his reputation in the community of New York. among other damages and injuries claimed by the plaintiff all to his damage.

44.    Plaintiff verily believes that each of these defendants, their agents, servants and/or employees knew or should have known that the conduct they engaged in were prohibited discriminatory acts against plaintiff, SERGIO PAVON.

45.    That the aforesaid discriminatory acts and omissions of the said defendants caused or were likely to proximately cause personal injury to the plaintiff, and also to proximately cause plaintiff, SERGIO PAVON, extreme emotional distress and did in fact cause such extreme emotional distress and mental anguish to plaintiff, SERGIO PAVON, all to plaintiff's grievous injury and damages.

46.    That solely as a result of the foregoing, the plaintiff has been unlawfully discriminated against, and has been caused to suffer severe mental anguish, emotional distress, pain and humiliation, has been caused to abstain from the usual and customary duties, and has been compelled to expend divers sums of monies for medical care, attorney's fees, costs and expenses, all in an effort to treat plaintiff's ailments and to make plaintiff whole and the plaintiff verily believes that some of these injuries and damages are of a permanent and lasting nature and that plaintiff shall continue to suffer such serious personal injuries and damages for a long time to come, in the sum of FIVE

HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of plaintiff's reasonable attorneys' fees, costs, interest, disbursements and expenses and together with an additional sum and award against the respective defendants, jointly and severally for punitive damages.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANTS, METLIFE-INS AND NOVARTIS, JOINTLY AND SEVERALLY FOR MISREPRESENTATION:

47.    Plaintiff, SERGIO PAVON, repeats, reiterates and realleges each and every allegation contained in paragraph(s) numbered "1" through "46 inclusive of this Verified Complaint and makes them a part hereof as though fully set forth herein at length.

48.    That the defendants, their agents, servants, employees and/or attorneys, jointly and severally made the foregoing false representations of material fact intending the plaintiff to reasonably rely upon such false representations of material fact to his detriment.

49.    Plaintiff, SERGIO PAVON, reasonably relied upon the defendants' false representations of material fact to his detriment.

50.    The defendants, their agents, servants, employees and/or attorneys, knew or should have known these representations were false when made, and/or such representations of material fact were made in reckless disregard of their truth or falsity.

51.    The respective defendants so acted in order to wrongfully terminate the plaintiff's health and disability benefits, in order to wrongfully forego having to pay monies and benefits lawfully and contractually due to the plaintiff and others similarly situated, all to plaintiff's grievous injury and damages.

52.    That solely as a result of the foregoing, plaintiff, SERGIO PAVON, was proximately caused to sustain grievous injuries and damages, the plaintiff was compelled to retain the services of attorneys and to incur expenses therefore, the plaintiff was caused to suffer emotional distress and mental anguish as a result thereof as well as other, direct, consequential and incidental damages, the plaintiff has been compelled to abstain from his usual and customary duties, and has been compelled to pay and to become obligated to pay for a long time to come, the plaintiff's necessities, *inter alia,* medical care and treatment, pharmaceuticals, psychiatric treatment, supplies, housing, transportation, and upon information and belief the plaintiff will suffer same for a long time to come, all to his damage and injury in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, exclusive of plaintiff's reasonable attorneys' fees, punitive damages against each defendant, and plaintiff's costs, interest and disbursements herein.

**WHEREFORE,** plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's FIRST CAUSE OF ACTION, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with an additional money award in favor of the plaintiff and against each defendant, jointly and severally, in this FIRST CAUSE OF ACTION, for plaintiff's reasonable attorney's fees herein ; plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's SECOND CAUSE OF ACTION, in the sum of FIVE HUNDRED THOUSAND DOLLARS; plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and

18

NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's THIRD CAUSE OF ACTION, for declaratory and preliminary and permanent injunctive relief as set forth in paragraph numbered "33" inclusive of this Verified Complaint, declaring and adjudging the plaintiff's rights, obligations and benefits, under his respective insurance agreements with each defendant, and his rights with respect to long term disability and group health benefits at issue herein, all together with plaintiff's compensatory damages in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, and awarding plaintiff, SERGIO PAVON, his reasonable attorney's fees herein, and punitive damages in a sum to be determined by the triers of fact and such other and further relief as is just, proper and equitable in the premises; plaintiff, SERGIO PAVON, demands a money judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's FOURTH CAUSE OF ACTION, for UNLAWFUL DISCRIMINATION, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS, and in addition plaintiff demands his reasonable attorneys' fees, costs, interest, disbursements and expenses and together with an additional sum and award against the respective defendants, METLIFE INSURANCE COMPANY, INC. and NOVARTIS USA a/k/a NOVARTIS CORP., jointly and severally for punitive damages in an amount determined by the triers of fact; plaintiff, SERGIO PAVON, demands judgment against the defendants, METLIFE INSURANCE COMPANY, INC., and NOVARTIS USA, a/k/a NOVARTIS CORP., jointly and severally, in plaintiff's FIFTH CAUSE OF ACTION, MISREPRESENT-ATION, in the sum of FIVE HUNDRED THOUSAND ($500,000) DOLLARS together with an additional money award in favor of the plaintiff and against each defendant,

19

jointly and severally, in this FIFTH CAUSE OF ACTION, for plaintiff's reasonable

attorney's fees and punitive damages against each defendant, jointly and severally;

All together with plaintiff's reasonable attorney's fees herein, preliminary and permanent

injunctive relief as requested in this Verified Complaint, punitive damages against

defendant, METLIFE INSURANCE COMPANY, INC. and defendant, NOVARTIS,

USA, a/k/a NOVARTIS CORP., in a sum to be determined by the triers of fact, and

plaintiff's expenses, costs, disbursements and interest herein.

Dated: New York, New York
      March 27, 2008

                                    Yours, etc.,

                                      ROBERT FELDMAN, ESQ. (RF-0810)
                                      Attorney(s) for Plaintiff
                                      SERGIO PAVON
                                        Office & P.O. Address
                                        375 SOUTH END AVENUE, STE. 8F
                                        NEW YORK, NEW YORK 10280
                                         (646) 478-8852

**INDIVIDUAL VERIFICATION:**

**STATE OF NEW YORK   )**
**COUNTY OF NEW YORK) ss.:**

      **SERGIO PAVON,** being duly sworn deposes and says the following:

      I am the Plaintiff in the above entitled action; I have read the foregoing Verified Complaint and know the contents thereof; the same is true to my own knowledge except for matters stated on information and belief, and as to those matters I believe them to be True.  The grounds for my belief as to matters stated on information and belief, are my investigation of the case, books, records and other documents and records.

                               **SERGIO PAVON**

Sworn to before me this
2 8th Day of March,  2008

                        NOTARY PUBLIC

             STEFANIE V. PLAUMANN
           Notary Public, State of New York
              No. 02PL6082802
            Qualified in Kings County
     Commission Expires November 4, 2006

**EXHIBIT "B"**

# Introduction

Have you considered how much of your income you and your family would need if you were suddenly ill or injured? Novartis Pharmaceuticals Corporation (Novartis) offers financial protection for you and your family through the short-term and long-term disability plans.

Novartis provides automatic disability coverage at no cost to you. If you need greater financial protection than is offered through the Company-provided options, you may purchase a higher level of supplemental disability insurance.

This book summarizes the Novartis Disability Insurance Plan. If you have any questions about the information in this book, call the Novartis Benefits Center at (973) 781-8878.

---

*This summary plan description summarizes the benefits available under the Novartis Pharmaceuticals Corporation Disability Insurance Plan for eligible, non-bargaining unit employees on the payroll of Novartis Pharmaceuticals Corporation. The information included here is intended only to summarize this benefits plan. A more detailed description about this plan and your eligibility to participate can be found in the plan documents and Company policies that legally govern this plan. If there is any discrepancy between the information included here and the plan documents or policies, the plan documents or policies will govern. Novartis Pharmaceuticals Corporation reserves the right to amend, modify, suspend, or discontinue this benefits plan at any time.*

# Who's Eligible

You're eligible for short-term and long-term disability coverage if you are:

- On the payroll of Novartis Pharmaceuticals Corporation;
- Scheduled to work at least 975 hours per year; and
- Not covered by a collective bargaining agreement (unless the agreement specifically provides for coverage).

# Short-Term Disability

When you become ill or injured, you are eligible for short-term disability benefits. This benefit replaces all or a percentage of your base pay for up to 26 weeks.

Your short-term disability benefit depends on your years of service at the time of your disability.

| If you have... | You'll receive... |
|---|---|
| Less than five years of service* | • 100% of your base pay for the first 13 weeks of disability<br>• 67% of your base pay for the next 13 weeks of disability |
| Five or more years of service | • 100% of your base pay for the first 26 weeks of disability |

*If you were a former Ciba-Geigy Corporation employee with fewer than five years of service as of December 31, 1997, you'll be grandfathered to receive 100% of base pay for the first 26 weeks of disability.

**Important Note:** If you do not return to work after the 26-week short-term disability period has been exhausted, your employment will be terminated and you may become eligible for long-term disability benefits under the plan.

## Qualifying for Short-Term Disability

To qualify for short-term disability, your absence must last more than two consecutive days for an occupational injury and more than five consecutive days for a non-occupational injury or illness. Also, you must be under a physician's care and a doctor's certificate is required. You and your physician must complete a "Physician's Disability Certification" form verifying:

- The nature of your illness or injury;
- The anticipated period of your absence;
- The anticipated date of your return to work; and
- Any physical restrictions upon your resuming work.

A Novartis physician (or a physician appointed by AIG, the plan's third party administrator) will review all cases and may require that you have a medical examination. If the Company doctor and your doctor have different opinions, Novartis will name a third doctor to render an objective final decision.

## Receiving Your Benefit

You receive benefits from the plan in the same way and at the same time that you would receive your regular salary. Any deductions made at the time your disability began will continue to be made.

## If You Receive Other Benefits

If you become eligible for or begin receiving disability benefits in addition to the benefits under the plan, your short-term disability benefit will be reduced by the benefit you receive, or become eligible to receive, from another source. Other sources of disability benefits include Workers' Compensation, Social Security, federal or state disability benefits, and payment for lost wages from a third party.

## If You Are Disabled Again

If you return to work after your disability and are subsequently disabled, the following guidelines will determine your benefit:

| If you return to work for... | and your disability is due to... | then you... |
|---|---|---|
| Less than 26 weeks | the same disability | will receive short-term benefits for the remainder of that 26-week period |
| Less than 26 weeks but received your 26-week short-term benefit | the same disability | may be eligible for long-term disability (see page 7) |
| 26 weeks or more | the same disability | qualify for up to 26 weeks of short-term benefits |
| Any amount of time | another disability | qualify for up to 26 weeks of short-term benefits |

If you're disabled and receiving short-term disability benefits for one medical condition, and you experience a second medical condition while you are out, you will receive short-term disability benefits for a maximum of 26 weeks to cover both disabilities.

## Part-Time Work

With proper documentation, you can work part-time while on short-term disability. If you return to work with restrictions, you'll be eligible to work part-time for the remainder of the 26 weeks. Please note that any full or partial day worked will be counted as part of the 26-week disability period. Additionally, you'll receive your rate of pay in effect at the time your disability began for any time worked during your disability. Any time for which you are not working will be paid in accordance with the plan benefit.

If you work part-time beyond 26 weeks and long-term disability benefits begin, your short-term disability benefits will end—even if you continue to work part-time. Your part-time work may be considered part of your long-term disability rehabilitation program (see page 7).

## When Benefits End

Your short-term disability benefits end when:

- You are no longer disabled;
- You fail to provide adequate medical documentation to qualify for your benefit;
- You use your full 26 weeks of approved disability; or
- You die.

# Long-Term Disability

If your disability continues beyond the 26-week period, when short-term disability benefits end, you may apply for benefits under the long-term disability plan, which continues to replace a portion of your pay.

Novartis offers basic long-term disability coverage that provides a monthly benefit equal to 50% of your total pay. Your total pay is your current annual base pay plus your most recent bonus and the prior year's commissions, overtime, and shift differential. If you need greater financial protection than is offered under the basic long-term disability plan, you may purchase a higher level of coverage that provides a monthly benefit equal to 67% of your total pay. Supplemental coverage can be purchased only during the annual enrollment period while you are actively at work.

You're eligible for benefits when you become disabled under the terms of the plan. You're considered disabled when, because of an illness or injury, you're unable to perform the duties of your occupation and you are under the regular care of a physician.

After you have received long-term disability benefits for 24 months, you'll continue to be considered disabled only if you apply for and are approved to receive Social Security disability benefits.

## Receiving Your Benefit

Benefits will be paid to you on a monthly basis.

## If You Receive Other Benefits

If you become eligible for or begin receiving disability benefits in addition to the benefits under the plan, your long-term disability benefit will be reduced by the benefit you receive, or become eligible to receive, from another source. Other sources of disability benefits include Workers' Compensation, family Social Security, federal or state disability benefits, and payment for lost wages from a third party.

# If You Are Disabled Again

If you're rehired for full-time employment at Novartis and become disabled again, the following guidelines will determine your benefit:

| If you're disabled... | and your disability is due to... | then you... |
|---|---|---|
| within 180 working days | the same disability | will receive the balance of your long-term disability benefits |
| after 180 working days | the same disability | are eligible for short-term disability benefits for up to 26 weeks |
| after you return to work | a different disability | are eligible for short-term disability benefits for up to 26 weeks |

# Rehabilitation

Novartis wants to help you regain your health and original lifestyle. Under certain circumstances, you may be able to work while receiving long-term disability benefits. AIG will contact you if you're a potential candidate for the rehabilitation program.

# When Benefits End

Your long-term disability benefits end when:

- You are no longer disabled;
- You reach age 65;
- You become employed for wages, except if you're eligible for rehabilitation benefits; or
- You die.

Benefits will be paid for up to five years if your disability began after age 60.

# Continuation of Other Benefits

Some of your other benefits may continue while you're receiving long-term disability benefits, as follows:

## Medical and Dental

Your medical and dental plan coverages will continue while you're receiving long-term disability benefits. Once you're eligible for Medicare benefits, your medical coverage will continue under the Novartis Medicare Supplement Plan.

## Life Insurance

Your Company-provided basic life insurance coverage will continue for as long as you receive long-term disability benefits. A disability benefit equal to 50% of your coverage amount (up to $20,000) may be payable to you if you are diagnosed as totally and permanently disabled.

### Pension Equity Plan

You will continue to accrue Vesting and Benefit Service under the plan while you're receiving long-term disability, as long as you have not elected to begin receiving benefits from the Pension Equity Plan. Your Final Average Compensation will be determined as of the date you became disabled. If you're vested, you may elect to receive your benefit in accordance with the provisions of the plan.

### Investment Savings Plan

Although your contributions to the plan cease when you become eligible for long-term disability benefits, you may receive a distribution from the plan. Or, if your vested account balance is greater than $5,000, you may elect to leave your funds in the plan to experience continued investment performance.

## What's Not Covered

Long-term disability benefits will not be paid for any illness or injury that:

- Does not require a physician's care;
- Is self-inflicted, whether intentional or due to insanity; or
- Results from:
  —War, acts of war, or service in any armed forces.
  —Imprisonment as a result of being convicted of a crime or other public offense.

## Third-Party Liability

If you recover any amounts for covered expenses from a third party (for example, as the result of a lawsuit), the amount of the benefit which the Novartis disability plan pays is reduced by the amount you recover. If the plan has already paid benefits, you must reimburse the plan.

## Right of Recovery

If for any reason the plan pays a benefit that is larger than the amount allowed, the plan has a right to recover the excess amount from the person or agency who received it. The person receiving the benefit must produce any instruments or papers necessary to enforce this right of recovery.

If the plan has already paid benefits, you must reimburse the plan. If you, or any other covered person that was paid, do not promptly refund the full amount, the plan may reduce the amount of any future benefits that are payable under this plan. The reductions will equal the amount of the required refund. The plan may have other rights in addition to the right to reduce future benefits.

## Subrogation

If you suffer a disability resulting from an allegedly negligent or wrongful act or omission of a third party, the plan has the right to pursue payment from the third party. This is called subrogation.

## Assignment of Benefits

Generally, you cannot assign your benefits or claims under the Novartis disability plan.

# How to File a Claim

To apply for long-term disability benefits, contact the Benefits Center at (973) 781-8878, or visit the Benefits Intraweb site.

## If a Claim Is Denied

You'll be notified in writing by AIG if a claim or any part of a claim is denied. The notice will include why the claim was denied and the plan provisions on which the denial was based.

If you're not satisfied with the explanation of why the claim was denied, you may request to have your claim reviewed. The request must be in writing to AIG and made within 60 days after the date you receive the notice denying your claim.

If you do not hear from AIG within 90 days after receiving your claim, you may consider your claim denied and request to have your claim reviewed.

A decision will be made within 60 days after the receipt of your request for review or the date all information required from you is given. If, because of extenuating circumstances, AIG is unable to complete the review process within 60 days, you will be notified of the delay within 60 days after the denial notice.

The plan administrator will serve as the final review committee under the plan to determine for all parties all questions relating to the payment of claims for benefits under the plan and shall notify you in writing about the decision on your review. The plan administrator has the discretion to construe and interpret the terms of the plan and the authority and responsibility to make factual determinations.

The provisions of the plan require you to appeal any claim denial as described above before seeking other legal remedies.

## Type of Administration

The long-term disability plan is administered by AIG, 70 Pine Street, New York, New York 10270 under the terms of a contract with Novartis Pharmaceuticals Corporation.

## Source of Contributions and Funding

The plan is funded by general assets of the employer.

## Plan Amendment or Termination

Novartis expects to continue the disability plan indefinitely, but reserves the right to amend or terminate the plan at any time—in whole or in part. If the plan is ever terminated, suspended, or modified, benefits for services received before the change would be paid under the plan's former conditions, but no benefits would be paid for services received after such action, unless specific provisions are adopted to accommodate such payments.

# Your ERISA Rights

As a participant in the plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act (ERISA) of 1974. ERISA provides that all plan participants shall be entitled to: .

- Examine (without charge) at the plan administrator's office and at other specified locations—such as worksites and union halls—all plan documents. These may include insurance contracts, collective bargaining agreements and copies of all documents filed by the plan with the U.S. Department of Labor, such as detailed annual reports.
- Obtain copies of all plan documents and other plan information by writing to the plan administrator. The plan administrator may make a reasonable charge for these copies.
- Receive a written summary of the plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of this summary annual report.
- Receive a written explanation of the reason for the denial if your claim for a benefit is denied—in whole or in part. You have the right to have the plan review and reconsider your claim.

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the plan. The people who operate the plan, called "fiduciaries," have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries.

No one, including your employer, your union, or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a benefit or exercising your ERISA rights.

Under ERISA, there are steps you can take to enforce your ERISA rights. For instance:

- If you request materials from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials—unless the materials were not sent because of reasons beyond the control of the administrator.
- If you have a claim for benefits which is denied or ignored—in whole or in part after a final review—you may file suit in a state or federal court.
- If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your ERISA rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court.

If you file suit against the plan, the court will decide who should pay court costs and legal fees. If you are successful, the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

If you have any questions about the plan, you should contact the plan administrator. If you have any questions about this statement or about your rights under ERISA, you should contact the nearest office of the Pension and Welfare Benefits Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Pension and Welfare Benefits Administration, U.S. Department of Labor, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

**EXHIBIT "C"**



NOVARTIS
BENEFITS
DIRECTIONS

# The Novartis Pharmaceuticals Corporation Medical and Post-Employment Survivor Coverage Plans

## Summary Plan Description

## January 2007

**For eligible employees who participate in the benefit programs of:**

- Novartis Pharmaceuticals Corporation
- Novartis Institutes for Biomedical Research, Inc.
- Novartis Corporation
- Novartis Clinical Operations, Inc.
- Novartis Federal Credit Union

If you elect not to continue coverage under this plan for you and your family during your leave, then you may reinstate coverage for you and eligible members of your family upon your return from the leave without any need to provide proof of good health.

If you do not return to work immediately after your maximum family and medical leave period, you and covered members of your family may be eligible for COBRA coverage (see page 122). Please contact the Novartis Benefits Resource Center at (877) 515-0005 for more information on your medical coverage during a family and medical leave.

### If You Become Disabled

If you become eligible for long-term disability benefits, Novartis will continue your coverage under the medical plan for up to two years. In this case, your contributions for medical coverage will be deducted automatically from your LTD benefit on an after-tax basis. After two years, you will be eligible for the Medicare Supplement Plan, provided you are approved for Social Security disability benefits. If you are not approved by Social Security, your medical coverage will end. You may then apply for COBRA coverage.

### If You Leave Novartis

If your employment with Novartis ends for any reason other than disability (see the above explanation), including retirement, your medical coverage will end on the last day of the month in which your employment ends. You may then be able to elect to continue your coverage under COBRA or by electing retiree coverage (if you are eligible to do so).

### If You Die

If you die while employed by Novartis, your covered family members may elect continued coverage under COBRA (see pages 122-124). The first six months of COBRA coverage in this case will be paid by the company.

# POST-EMPLOYMENT SURVIVOR COVERAGE

## Who Is Eligible

You are eligible for post-employment survivor coverage if, at the time your employment with the company ends, you are:

- on the payroll of Novartis Pharmaceuticals Corporation or an affiliate participating in the post-employment survivor coverage plan,
- a regular employee scheduled to work at least 1,040 hours per year,
- not covered by a collective bargaining agreement (unless the agreement specifically provides for coverage in this plan), and
- age 55 or older and have completed at least 10 years of service with the company (see page 14 for information about service).

If eligible, your post-employment survivor coverage is provided automatically at no cost to you – the company pays the full cost of this coverage. Although no action by you is required, you will be asked to name a beneficiary.

## Survivor Benefits

If eligible, your post-employment survivor coverage equals $10,000.

If you die from any cause while covered by the plan, your beneficiary will receive a lump-sum survivor benefit. Survivor benefits are subject to taxes. Contact the Novartis Benefits Resource Center at (877) 515-0005 for more information.

## Your Beneficiary

You may name any person or more than one person as your beneficiary. You also may name someone as a contingent beneficiary to receive benefits if your primary beneficiary is not living at the time of your death. You may name or change a beneficiary at any time by completing a new form and returning it to the Novartis Benefits Resource Center.

If you name your estate as your beneficiary, payment may be made only in a lump sum. Make sure you identify the executor or administrator of your estate.

If there is a named beneficiary surviving to receive benefits at the time of your death, and the beneficiary dies before benefits are paid, the survivor benefit will be paid to the named beneficiary's estate, unless you named a contingent beneficiary.

If there is no named beneficiary surviving to receive benefits at the time of your death, however, payment will be made to the first of these survivors:

- your spouse
- your children (in equal shares)
- your parents (in equal shares)
- your brothers and sisters (in equal shares)
- your estate.

## When Survivor Benefits Are Not Paid

Generally, a survivor benefit is paid whenever someone covered by the plan dies from any cause. But payment of a survivor benefit may not be made if:

- your beneficiary does not file a claim for benefits, or
- your beneficiary cannot be located because we do not have his or her current address on file (please make sure to keep your address and beneficiary information current).

Contact the Novartis Benefits Resource Center at (877) 515-0005 for more information.

## Filing a Claim for Benefits

To file a claim for survivor benefits, your beneficiary should call the Novartis Benefits Resource Center at (877) 515-0005. A certified copy of your death certificate is required before making payment. The Novartis Benefits Resource Center will notify your beneficiary when the claim has been processed.

A decision on a claim will be given to your beneficiary as soon as possible, but no later than 90 days after a claim is filed, or 180 days in special cases. If a decision on a claim cannot be made within 90 days, your beneficiary will be notified in writing before the end of this 90-day period of the special circumstances that require an extended period of consideration of the claim and the approximate date that Novartis expects to reach a decision on the claim.

## If a Claim Is Denied

If a claim is denied, in whole or in part, your beneficiary will receive a written notice explaining why and on which plan provisions the claim has been denied. The notice will explain how to file an appeal. An appeal must be made within 60 days after receiving written notice of the denial, by writing to the plan administrator. Your beneficiary may also choose to name a representative to handle your appeal.

Your beneficiary will be told if any additional information is needed to make a claim acceptable and why this additional information is necessary. All material related to a claim, such as the plan's official documents, may be examined by your beneficiary. Copies of any materials or records that support the claim should be sent with the appeal.

A decision on an appeal usually will be made in writing within 60 days of when it is received, or 120 days in special cases. If a decision on an appeal cannot be made within 60 days, your beneficiary will be notified in writing before the end of this 60-day period of the special circumstances that require an extended period of consideration of your appeal. The plan administrator's decision on an appeal is final.

The provisions of the plan require your beneficiary to appeal any claim denial as described above before seeking other legal remedies. If your beneficiary has filed a claim for benefits that has been denied on appeal by the plan administrator and your beneficiary believes the claim has been improperly denied, in whole or in part, your beneficiary has certain rights (see page 128 for details).

# ADMINISTRATIVE INFORMATION

The following pages describe other information you should know about the plan and your rights.

## Official Plan Names and Plan Numbers

| Official Plan Name | Plan Number |
|---|---|
| Official plan name of the medical plan that applies to active and retired employees: **Novartis Pharmaceuticals Corporation Welfare Benefits Plan** | 503 |
| Official plan name of the post-employment survivor coverage plan that applies to retired employees: **Novartis Pharmaceuticals Corporation Death Benefit Protection Plan** | 504 |

## Plan Sponsor

This plan is sponsored by:
Novartis Pharmaceuticals Corporation
180 Park Avenue, Building 104
Florham Park, NJ 07932
(862) 778-8878

## Plan Administrator

The plan administrator is:
Benefits Committee
Novartis Pharmaceuticals Corporation
180 Park Avenue, Building 104
Florham Park, NJ 07932
(862) 778-8878

The plan administrator has the discretionary authority to control and manage the operation and administration of the plan, including all rights and powers needed to carry out its functions, whether or not such rights and powers are specified in this document. The plan administrator may, in its sole discretion, delegate authority with regard to the administration of the plan, or any portion of the plan.

## Claims Administrators and Plan Fiduciaries

The claims administrators and plan fiduciaries for the medical options described in this summary are:

CIGNA Healthcare (for the POS option)
900 Cottage Grove Road
Hartford, CT 06152
(800) 244-6224

Horizon Blue Cross Blue Shield of New Jersey
(for the PPO and indemnity options)
PO Box 1219
Newark, NJ 07101-1219

UHC (for the CDHP and HSA options)
450 Columbus Boulevard
Hartford, CT 06103

Novartis Benefits Corporation Benefits Committee
(plan fiduciary for the CDHP and HSA options)
Benefits Committee, Novartis Pharmaceuticals
Corporation
180 Park Avenue, Building 104
Florham Park, NJ 07932
(862) 778-8878

Medco Health Solutions, Inc. (for the retail
pharmacy program)
P.O. Box 2187
Lee's Summitt, MO 64063-2187

Medco Health Solutions, Inc. (for the Medco By Mail
program)
P.O. Box 30493
Tampa, FL 33630-3493

Important! Neither CIGNA, Horizon BCBSNJ, UHC, nor Medco insure the benefits described in this summary plan description. CIGNA, Horizon BCBSNJ, UHC, and Medco are third-party administrators and provide claim payments, claim and appeal determinations, as applicable, and administrative services to the plan.

CIGNA, Horizon BCBSNJ, UHC, Novartis, and Medco are also plan fiduciaries, which mean that CIGNA, Horizon BCBSNJ, UHC, Novartis, and Medco, under the applicable portions of the plan, have the authority and discretion to interpret the plan, to determine all questions arising under or related to the plan, including all questions of fact and questions of eligibility to participate and obtain benefits, and to determine the amount, manner, and time of payment of any benefits under the plan. Decisions made by CIGNA, Horizon BCBSNJ, UHC, and Medco are final and binding. Keep in mind, however, that medical care providers are responsible for the services they provide and for their medical care decisions. CIGNA, Horizon BCBSNJ, UHC, Novartis, and Medco assume no responsibility for and make no express or implied promises concerning the outcome of any covered or non-covered services or supplies.

## Employer Identification Number

When dealing with or referring to the plan in terms of claim appeals or other correspondence, you will receive a more rapid response if you identify the plan fully and accurately. To identify the plan, you need to use Novartis' employer identification number (EIN): 22-1857084. You also need to know the plan's official name and number.

## Plan Type

The Novartis Pharmaceuticals Corporation Medical Plan is a "welfare benefit plan," providing medical benefits, for purposes of ERISA. The Novartis Pharmaceuticals Corporation Post-Employment Survivor Coverage Plan is a "welfare benefit plan," providing survivor benefits, for purposes of ERISA.

## Plan Year

January 1 through December 31

## Agent for Service of Legal Process

The agent for service of legal process is:
Novartis Pharmaceuticals Corporation
Benefits Department
180 Park Avenue, Building 104
Florham Park, NJ 07932
(862) 778-8878

Legal process may also be served on CIGNA, Horizon BCBSNJ, UHC, or Medco Health.

## Source of Contributions and Funding

Under the Novartis Pharmaceuticals Corporation Medical Plan, you and the company share the cost of providing medical coverage for you and eligible members of your family. Company contributions are made from its general assets.

Under the Novartis Pharmaceuticals Corporation Post-Employment Survivor Coverage Plan, the company pays the full cost of the survivor benefits provided under this plan. Based on your status as described in this summary, either you and the company share the cost of providing post-employment medical coverage for you and eligible members of your family, or you pay the full cost of providing post-employment medical coverage for you and eligible members of your family. Company contributions are made from its general assets.

## Plan Amendment or Termination

Although Novartis expects to continue the Novartis Pharmaceuticals Corporation Medical Plan and the Novartis Pharmaceuticals Corporation Post-Employment Survivor Coverage Plan for future periods, it reserves the right to amend or terminate these plans at any time—in whole or in part. If these plans are ever terminated, suspended, or modified, benefits for services received before the change would be paid under either or both plan's former conditions, but no benefits would be paid for services received after such action, unless specific provisions are adopted to accommodate such payments.

## Plan Documents

This document summarizes the main features of the Novartis Pharmaceuticals Corporation Medical Plan and the Novartis Pharmaceuticals Corporation Post-Employment Survivor Coverage Plan as of January 1, 2007. This document is written in everyday terms and avoids technical terms wherever possible.

This document is also the official plan document of the Novartis Pharmaceuticals Corporation Medical Plan that is administered by CIGNA, Horizon BCBSNJ, UHC, or Medco. This document will be used to resolve any questions about benefits from the plan.

The Novartis Pharmaceuticals Corporation Post-Employment Survivor Coverage Plan, however, has official plan documents. This summary is not an official plan document. In the event of any difference between this summary and the official plan documents, the official plan documents will govern.

# Your Rights

As a participant in the Novartis Pharmaceuticals Corporation Medical Plan or the Novartis Pharmaceuticals Corporation Post-Employment Survivor Coverage Plan, you are entitled to certain rights and protections under the Employee Retirement Income Security Act of 1974 (ERISA), as described in the following information.

## Receive Information About Your Plan and Benefits

You may examine, without charge, at the plan administrator's office and at other specified locations, such as worksites, all documents governing the plans, including a copy of the latest annual reports (Form 5500 Series) filed by the plan with the U.S. Department of Labor and available at the Public Disclosure Room of the Employee Benefits Security Administration.

You may obtain, upon written request to the plan administrator, copies of documents governing the operation of the plans, and copies of the latest annual report (Form 5500 Series) and updated summary plan descriptions. The administrator may make a reasonable charge for the copies.

You may receive a summary of each plan's annual financial report. The plan administrator is required by law to furnish each participant with a copy of these summary annual reports.

## Continuation of Group Health Plan Coverage

You may continue health care coverage for yourself, your spouse, or other eligible family members if there is a loss of coverage under the plan as a result of a qualifying event. You or your family members may have to pay for such coverage. Review this summary plan description and the documents governing the plans for more information on the rules governing your COBRA continuation coverage rights.

*Reduction or elimination of exclusionary periods of coverage for pre-existing conditions under your group health plan, if you have creditable coverage from another plan.* You should be provided a certificate of creditable coverage, free of charge, from your group health plan or health insurance issuer when you lose coverage under the plan, when you become entitled to elect COBRA continuation coverage, when your COBRA continuation coverage ends, if you request it before losing coverage, or if you request it up to 24 months after losing coverage. Without evidence of creditable coverage, you may be subject to a pre-existing condition exclusion for 12 months (18 months for late enrollees) after your enrollment date in your coverage.

To request a notice of creditable coverage, call the Novartis Benefits Resource Center at (877) 515-0005 or submit your request in writing to:

> Novartis Benefits Resource Center
> 100 Half Day Road
> P.O. Box 1532
> Lincolnshire, IL 60069-1532

## Prudent Actions by Plan Fiduciaries

In addition to creating rights for plan participants, ERISA imposes duties upon the people who are responsible for the operation of the employee benefit plan. The people who operate your plan, called "fiduciaries" of the plan, have a duty to do so prudently and in the interest of you and other plan participants and beneficiaries. No one, including your employer or any other person, may fire you or otherwise discriminate against you in any way to prevent you from obtaining a group health care benefit or exercising your rights under ERISA.

## Enforce Your Rights

If your claim for a group benefit is denied or ignored, in whole or in part, you have a right to know why this was done, to obtain copies of documents relating to the decision without charge, and to appeal any denial, all within certain time schedules.

Under ERISA, there are steps you can take to enforce the above rights. For instance, if you request a copy of plan documents or the latest annual report from the plan and do not receive them within 30 days, you may file suit in a federal court. In such a case, the court may require the plan administrator to provide the materials and pay you up to $110 a day until you receive the materials, unless the materials were not sent because of reasons beyond the control of the administrator.

If you have a claim for benefits which is denied or ignored, in whole or in part, you may file suit in a state or federal court. In addition, if you disagree with the plan's decision or lack thereof concerning the qualified status of a domestic relations order or a medical child support order, you may file suit in federal court.

If it should happen that plan fiduciaries misuse the plan's money, or if you are discriminated against for asserting your rights, you may seek assistance from the U.S. Department of Labor, or you may file suit in a federal court. The court will decide who should pay court costs and legal fees. If you are successful the court may order the person you have sued to pay these costs and fees. If you lose, the court may order you to pay these costs and fees, for example, if it finds your claim is frivolous.

## Assistance with Your Questions

If you have any questions about your plan, you should contact the plan administrator.

If you have any questions about this statement or about your rights under ERISA, or if you need assistance in obtaining documents from the plan administrator, you should contact the nearest office of the Employee Benefits Security Administration, U.S. Department of Labor, listed in your telephone directory or the Division of Technical Assistance and Inquiries, Employee Benefits Security Administration, U.S. Department of Labor, 200 Constitution Avenue N.W., Washington, D.C. 20210.

You may also obtain certain publications about your rights and responsibilities under ERISA by calling the publications hotline of the Employee Benefits Security Administration.

# Protected Health Information

Your health information is highly personal, and the Novartis Pharmaceuticals Corporation Medical Plan is committed to safeguarding your privacy. For more information on how the plan protects your privacy and its right to use and disclose your protected health information ("PHI"), refer to the Notice of Privacy Practices already distributed to you. In addition, the notice explains how you may access and amend your PHI, request an accounting of disclosures of PHI, restrict disclosures of your PHI, and request confidential communication of your PHI. If you would like another copy of the notice, please contact the Novartis Benefits Resource Center at (877) 515-0005.

**EXHIBIT "D"**

630404216563

Metropolitan Life Insurance Company
MetLife  Disability, PO Box 14590, Lexington KY 40511-4590
Phone:  (local office toll-free number)    Fax:  1-800-230-9531
**NOT FOR SERVICE OF LEGAL PROCESS**



January 11, 2008


Robert J. Feldman, ESQ
375 South End Avenue, Suite 8F
New York, New York, 10280


Re: Sergio Pavon
Long Term Disability
Employer: Novartis
Claim #:  630404216563
Group/Report #: 302654


Dear Mr. Feldman:


We are writing regarding your Long-term Disability (LTD) benefits for Mr. Pavon
under his plan with Novartis Corporation. We have terminated his LTD benefits
as of January 11, 2008 and his claim will remain closed. A request for detail
medical was faxed to Dr. J. Corbin and a letter was also sent to you on
December 13, 2007 to have the updated medical sent to us by January 7, 2008.
To this date we have not received updated medical to review LTD claim for
continuation of benefits.

Thus, there is no evidence provided for review to further substantiate the
continuation of benefits. In order to be considered eligible for benefits, your client
must meet the Definition of Disability as defined below.

Plan in part states:

Payments under the long-term disability plan will stop on the earliest of:

- the date you no longer qualify as disabled,
- the date you refuse to provide any proof of your disability requested by the
  insurance company,

Plan also states:

What's not covered:

630404216563

Long-Term disability benefits aren't paid:

- for any period in which you're not under the continuing care of a qualified doctor.
- for any period of employment, regardless of the amount of wages or profits you earn, other than the period of approved rehabilitative work.

Because your claim was denied in whole or in part, you may appeal this decision by sending a written request for appeal to MetLife Disability, PO Box 14592, Lexington KY, 40511-4592 within 180 days after you receive this denial letter. Please include in your appeal letter the reason(s) you believe the claim was improperly denied, and submit the previously requested information as well as any additional comments, documents, records or other information relating to your claim that you deem appropriate for us to give your appeal proper consideration. In particular, you should submit the information identified as being not received for your claim. Upon request, MetLife will provide you with a copy of the documents, records, or other information we have that are relevant to your claim and identify any medical or vocational expert(s) whose advice was obtained in connection with your claim.

MetLife will evaluate all the information and advise you of our determination of your appeal within 45 days after we receive your written request for appeal. If there are special circumstances requiring additional time to complete our review, we may take up to an additional 45 days, but only after notifying you of the special circumstances in writing. In the event your appeal is denied in whole or in part, you will have the right to bring action under the Employee Retirement Income Security Act of 1974.

Metropolitan Life reserves all of its rights or defenses, either expressly stated or implied.

If you intend to appeal our decision, we recommend that you request in writing and include detail medical records to current, including diagnostic test results, office visit notes, therapy notes, and restrictions and limitations from all of your treating health care providers.

Should you have any questions, please contact me. Include your claim number with any information faxed or mailed to MetLife.

Sincerely,
*Malti Patel*
Case Management Specialist
Ph(800)638-2242
Fax(800)230-9531
Notification: to Novartis Corp.