UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
_____ X

SERGIO PAVON,

                Plaintiff,

    -against-

METROPOLITAN LIFE INSURANCE CO., INC.,
And NOVARTIS CORP.,

            Defendants.

_____ X

**PLAINTIFF'S
MEMORANDUM OF
LAW**
Case No. 08 CV 1272(PAC)

## I.    PRELIMINARY STATEMENT

Plaintiff, SERGIO PAVON, by his attorney(s), ROBERT FELDMAN, ESQ., hereby

Submits this Memorandum of Law In Opposition to the Defendants', METROPOLITAN

LIFE INSURANCE CO., and NOVARTIS USA a/k/a NOVARTIS CORP.'s, Motions

and In Support of Plaintiff's Cross-Motion To Remand, and for the Court to grant

plaintiff such other and further relief as is just, proper and equitable in the premises.

## II.    STATEMENT OF FACTS

At all times hereinafter mentioned, the defendant, METLIFE-INS. was and still is

the disability insurance provider of the plaintiff, SERGIO, who has provided to plaintiff

at all relevant times the plaintiff's long term disability benefits under Group Health

Coverage Claim Number 630404216563, whose short term disability and/or short term

disability benefits commenced in or about December 2003, and thereafter, plaintiff

qualified for and/or obtained from the defendant, METLIFE-INS. long term disability

benefits which commenced in or about June-July, 2004.

That defendant, METLIFE-INS. thereafter wrongfully terminated the plaintiff's

disability benefits and Group Health Coverage on or about January 11, 2008 and

defendant, NOVARTIS, thereafter wrongfully terminated the plaintiff's Group Health

Coverage January 31, 2008 in bad faith and without reasonable cause in law or fact, since

the grounds enumerated in the defendant's claim letter are without any credible basis in

fact; to wit, the defendant, MET LIFE falsely alleged that it had requested report(s) from

plaintiff's treating psychiatrist regarding plaintiff's disability, but did not receive such

report(s) from plaintiff. In point of fact, the plaintiff, SERGIO, had been examined on or

about October 10, 2006, by an independent treating psychiatrist, Dr. Solomon Miskin,

who was acting on behalf of the defendant, METLIFE-INS. and Dr. Miskin's IME Report

of October 10, 2006, confirmed and opined within a reasonable degree of medical

certainty, that the plaintiff, SERGIO, had sustained, and was still suffering from his long

term disability and plaintiff verily believes said Report opined that plaintiff would

continue to suffer from said long term disability for a long time to come.

Upon information and belief and at all times hereinafter mentioned, the said

defendants, METLIFE-INS, NOVARTIS, their agents, servants and/or employees,

respectively, unlawfully and/or tortiously discriminated against the plaintiff, SERGIO,

based upon the plaintiff's disability status, as herein alleged all to plaintiff's grievous

injury, damages, extreme emotional distress, mental anguish, great anxiety, humiliation.

That at all relevant times after the defendant, METLIFE-INS, in violation of law

and without any lawful cause, and in violation of the plaintiff's insurance policies,

wrongfully terminated and/or cut off the plaintiff's long term disability benefits, on or

about January 11, 2008, and thereafter, the co-defendant, Novartis which company, at all

relevant times herein mentioned provided plaintiff with his medical and drug benefits,

also, without reasonable cause in law or fact, wrongfully and unlawfully terminated the

2

plaintiff's medical and drug benefits, in violation of the plaintiff's insurance policies, solely on the basis of the defendant's, MET LIFE-INS', prior acts and omissions.

That the whole essence of this case is that the defendants did not make any determination whether or not the plaintiff was or was not in fact disabled. That the defendants, their agents, servants and/or employees only allegedly claimed that a medical report (that had in fact been previously been provided to MET LIFE by plaintiff), was not provided and as a result of this malicious misrepresentation of fact, the plaintiff's benefits were cut off, and plaintiff was proximately caused to sustain severe mental anguish, monetary damages, and other severe personal injuries thereby. The defendants' agents, servants and/or employees, knew or should have known that their allegations concerning the lack of receipt of the psychiatrist's report was false and/or acted with reckless disregard as to their truth or falsity of that allegation, given that Dr. J. Corbin states that he received no requests, by fax or otherwise from defendant, Met Life, in December 2007, for any further medical/disability reports concerning the plaintiff. That had plaintiff or his psychiatrist received such recent request they would have immediately provided such reports to MET LIFE. The defendant's, MET LIFE's, misrepresentation of material fact, contained in Defendants' Exhibit "D" annexed to its Motion Papers, to wit, that the plaintiff and/or said Dr. J. Corbin failed and refused to timely provide such medical disability report to said defendant, MET LIFE, in response to its request is blatantly untrue. Moreover, the plaintiff has annexed hereto as Exhibit "1" and incorporates herein by reference, Dr. Corbin's statement that he never received any fax or other request from the defendants in December 2007 that requested any reports or other documents

3

concerning the plaintiff's long disability, as falsely alleged in the defendants' January 11, 2008 letter.

The plaintiff has a long term disability, as was confirmed again in October 2006, within a reasonable degree of medical certainty, and plaintiff continues to be so disabled for a long time to come. Defendant, MET LIFE, its agents servants and/or employees and/or persons acting on its behalf or in concert therewith without any lawful or proper basis, and without any proper medical determination, unilaterally cut of his long term disability benefits and tortiously interfered with the plaintiff's contractual relations with co-defendant, NOVARTIS' prescription and medical insurance plan concerning the plaintiff, proximately causing such coverage to be wrongfully and unilaterally cut off.

Co-defendant, NOVARTIS, who was at all relevant times the plaintiff's EMPLOYER, and said company provided prescription and medical coverage to the plaintiff, did without just or reasonable cause therefore, and relying solely upon the wrongful and unlawful misrepresentations of fact, by defendant, MET LIFE, and that said defendant, MET LIFE, with malicious and/or other wrongful intent, did tortiously interfere with plaintiff's insurance benefits from co-defendant, NOVARTIS, thereby causing plaintiff's EMPLOYER, NOVARTIS, to cancel plaintiff's insurance all to plaintiff's grievous injury and damages. Defendant, NOVARTIS, did materially breach its insurance Agreement with the plaintiff, SERGIO, and said co-defendant, without basis or authority in law or fact, did wrongfully and unlawfully cancel the plaintiff's, SERGIO's, Group Health Coverage on or about January 31, 2008 without any credible or reasonable basis in fact or law, all to plaintiff's grievous injury and damages.

4

That the respective defendants', METLIFE-INS' and NOVARTIS' bad faith conduct, unlawful acts and omissions constituted a material breach of its respective agreements with the plaintiff, SERGIO, proximately caused the plaintiff to sustain severe emotional distress and mental anguish as a result thereof, and to incur medical expenses and other damages in an effort to cure plaintiff of his ailments, and that plaintiff has been confined to his bed and home as a result thereof, and has been unable to attend to his usual and customary duties as a proximate result of the defendants material breaches of said agreements and that plaintiff has been deprived of his right to obtain required medications, medicines, medical care, psychiatric care, supplies, as a result of the foregoing material breaches of their respective agreements with the plaintiff, and the plaintiff has been caused to sustain the loss of his income and his ability to pay for the necessaries of his life, including but not limited to food, transportation, housing, etc., due to the defendants' wrongful and unlawful acts and omissions; that the respective defendants further breached the provisions of the parties' contract by the defendant's material breaches of their agreement, and by reason of the defendant's false representations of material fact, and that defendant's acts and/or omissions were and still are without just cause, excuse or justification and have proximately caused plaintiff, SERGIO PAVON, plaintiff's injury, damages, extreme emotional distress, mental anguish, great anxiety, humiliation all to his grievous injury and damages.

Plaintiff has asserted various causes of action against the defendants, jointly and severally, including but not limited to: breach of plaintiff's insurance agreements with the respective defendants; intentional infliction of extreme emotional distress; declaratory judgment and injunctive relief; unlawful discrimination; and misrepresentation.

This is not a typical case where the insurers/Plan Administrators have made an actual medical determination. under an ERISA plan, that the employee did not allegedly have a disability (long term or short term) and as a result the employee's disability benefits were cut off, resulting in a lawsuit by the employee to restore benefits.

In the case at bar the plaintiff's causes of action arise from independent duties the defendants had to the plaintiff, with respect to the plaintiff's insurance agreement, and with respect to their duties owed to the plaintiff under tort law. Defendants' Exhibit "D" clearly shows the false representations of fact made by the defendants, in their wrongful attempt to abrogate the plaintiff's rights. Plaintiff's Exhibit "I" annexed hereto, clearly shows defendants' representations of fact to be false as a matter of law and the annexed Affirmation of plaintiff's attorney, ROBERT FELDMAN, ESQ., dated May 19, 2008 incorporated herein by reference; the Plaintiff's Verified Complaint herein (Defendants' Exhibit "A" incorporated herein by reference) and this Memorandum of Law, dated May 19, 2008, clearly establish the plaintiff's right to recover against said defendants.

Defendants' Exhibits "B" and "C" clearly show, the within defendants are not the named fiduciaries or Plan Administrators under ERISA. Since neither of the within named defendants, are Administrators or fiduciaries (see Defendants' Exhibits B & C) then ERISA's general pre-emption language and/or claim pre-emption language does not and cannot apply to said defendants. The plaintiff's attorney notes that nowhere in the defendants' motion papers are any facsimile documents or proof of service/receipt of any facsimile requests upon the plaintiff, the plaintiff's physician, Corbin, or plaintiff's attorney, Robert Feldman, with respect to the alleged December 13, 2007 transmission. Nor did the defendants present either the Plan or the Insurance Policies that they claim

are central to the Court's disposition of this application. Instead the defendants present a rump version of the supposed plan that might run afoul of the best evidence rule and/or the parol evidence rule in that it is not possible for the Court to determine whether Exhibits "B" and "C" annexed to defendants' motion papers attempt to vary the actual alleged ERISA plan and/or Insurance Policy(ies) herein, when the original alleged plan and/or insurance policy(ies) upon which defendants appear to rely upon for their defense(s) are not in evidence before the Court, and the plaintiff and his attorneys have not had the opportunity to inspect review or contest whether or not the original alleged Plan and Insurance policies herein are as the defendants' unsupported allegations of them claim. Indeed, the defendants have not produced an iota of proof that the plaintiff relied upon either Exhibit "B" or "Exhibit "C", and the Court should and must ignore such documents for the reasons stated below. These are fatal flaws in the defendants' evidentiary proof, and for the reasons set forth hereinbelow result in the Court's denial of the defendants' Motions.

The defendant, MET-LIFE, has not argued in this motion that it is an improper party herein the plaintiff's claim against said defendant as well as the co-defendant, NOVARTIS must be sustained by the Court, *inter alia* for the reasons set forth below.

### III.    ARGUMENT

#### POINT I
#### STANDARD OF ANALYSIS ON DEFENDANTS' MOTIONS
#### & PLAINTIFF'S CROSS-MOTION

#### A. MOTION TO DISMISS FRCP 12(b)(6)

In considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations

in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F3d 147, 152 (2nd Cir., 2002) (citing *Gregory v. Daly*, 243 F3d 687, 691 (2nd Cir., 2001)). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted as true. *First Nationwide Bank v. Gelt Funding Corp.*, 27 F3d 763, 771 (2nd Cir., 1994). The Court should not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 US 41, 45-46, 78 S.Ct. 99 (1957).

In deciding a Rule 12(b)(6) motion, courts may consider "any written instrument attached to the complaint as an exhibit or "any statements or documents incorporated in it by reference ... and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F3d 81, 99-89 (2nd Cir., 2000); see also *Cosmas v. Hassett*, 886 F2d 8, 13 (2nd Cir., 1989). Plaintiff, SERGIO PAVON, cited the January 2008 letter from the defendants in the Verified Complaint, accordingly, the Court may consider that letter for the purposes of deciding this motion. However, the Court should and must not consider Defendants' other submissions for purposes of deciding this motion, as those documents were not incorporated by reference or cited to in the Complaint, and there is not sufficient indication that plaintiff relied upon these documents, Defendants' Exhibits "B" and "C" in commencing this action.