### C. Plaintiff does not seek alternative remedies that conflict with ERISA

The second prong of ERISA pre-emption also advanced by the defendants is that the plaintiff is attempting an alternative remedy either conflicting with ERISA, or barred by ERISA § 502 remedial provisions. The defendants argue the Supreme Court's decision in *Aetna Health, Inc. v. Davila*, 542 US 200, 124 S.Ct. 2488 (2004), that the Court held that state causes of action purporting to supplement ERISA § 502(a) are preempted "even if the elements of the state cause of action [do] not precisely duplicate the elements of an ERISA claim." Id. at 2499-2500. In that case, however, the plaintiffs were plan participants and beneficiaries who brought suit "only to rectify a wrongful denial of benefits promised under ERISA-regulated plans" and who did not attempt to remedy any violation of a legal duty independent of ERISA. Id. at 2492-93, 2498. That was the reason that the state remedy in that case was preempted. Therefore the defendants' use of *Davila* is misplaced since the plaintiff has brought this lawsuit to remedy violations of legal duties independent of ERISA and against non-ERISA entity(ies).

In *Geller v. County Line Auto Sales, Inc.*, 86 F3d 18 (2nd Cir., 1996), the Second Circuit held, that the plaintiffs' fraud claim may stand. 'ERISA is a remedial statute enacted to protect the interests of beneficiaries of private retirement plans by reducing the risk of loss of pension benefits. ERISA established a comprehensive federal statutory program intended to control abuses associated with pension benefit plans.... In this case, however, allowing the plaintiffs to pursue their common law fraud claim would in no way compromise the purpose of Congress and does not impede federal control over the regulation of employee benefit plans. To the contrary, insuring the honest administration of financially sound plans" is critical to the accomplishment of ERISA's mission. ERISA

17

is designed to protect the interests of participants and beneficiaries of employee benefit plans, and the preemption provision should not be read to contravene the statute's underlying design.' Likewise the plaintiff's lawsuit by protecting beneficiaries of plans from misrepresentations and other tortious conduct is also designed to ensure the honest conduct of the defendants and to remedy the defendants' breaches of honest conduct.

The Second Circuit further held in *Geller*, that 'The plaintiffs' common law fraud claim, which seeks to advance the rights and expectations created by ERISA, is not preempted simply because it may have a tangential impact on employee benefit plans.... The plaintiffs' fraud claim does not rely on the pension plan's operation or management. The "bare bones" of the complaint are that 1) the defendants fraudulently misrepresented that [the officer's girlfriend] was a full-time employee and 2) in reliance on the defendants' representation, the plaintiffs paid out more than $104,000 on her behalf. The plan was only the context in which this garden variety fraud occurred.' Likewise in the case at bar, the plan was only the context in which the defendants' garden variety fraud and other tortious conduct blossomed and therefore, these claims are not pre-empted by ERISA either. The defendants represented that they had notified Plaintiff's physician, J. Corbin, by fax, and also the plaintiff himself, to provide certain medical records in mid-December 2007. (Defendants' Exhibit "D") but both the plaintiff and his physician, Dr. Corbin in his annexed Affidavit sworn to on May 19, 2008, deny that any such requests were ever sent by either of the defendants. Malti Patel, the defendant's, MET-LIFE's, employee who made this outrageous misrepresentation of fact on behalf of METLIFE, was allegedly terminated shortly after her participation in these tortious and wrongful acts and omissions against the plaintiff.

Other post-*Travelers'* cases which have upheld tort claims as not pre-empted under ERISA, include, *Arizona State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 723-24 (9th Cir., 1997) (holding that a pension trust fund's common law fraud claim was not an alternative enforcement mechanism to ERISA because the claim arose from "state law doctrines of general application," and noting that "[a]s a service provider offering non-fiduciary custodial services, Citibank's relationship with the Trust Funds was no different from that between Citibank and any of its customers."); *Morstein v. Nat'l Ins. Services*, 93 F.3d 715, 723 (11th Cir.,1996) (holding that a plan participant's common law fraud claim against insurance agents for "fraudulently inducing her to change benefit plan" was not expressly preempted by ERISA because, among other things, "[t]hese same agents currently face the threat of state tort claims if they make fraudulent representations to individuals and entities not governed by ERISA plans.").

In *Perkins v. Time Ins. Co.*, 898 F.2d 470 (5th Cir., 1990), the Circuit Court held, that the insured's claim that insurance agent fraudulently induced insured to surrender coverage under existing plan, and to participate in plan governed by ERISA which did not provide promised coverage, "relates to" that plan only indirectly, and as such is not preempted by Act. In *McMurtry v. Wiseman*, 445 F.Supp.2d 756 (W.D.Ky, 2006), the Court held that ERISA did not preempt state law claims of fraud and negligent misrepresentation against agent of disability insurer/plan administrator where subject claims were traditional areas of state law not specifically referenced within ERISA, claims only affected relations of one ERISA entity, the beneficiary, and would not affect the structure, administration or type of benefits provided under the ERISA plan, which would not be directly impacted by recovery against agent. In *Fulk v. Hartford Life Ins.*

Co., 839 F.Supp. 1181 (M.D.N.C.,1993) the Court held that ERISA plan participant's state law claims against employer and insurer for fraud and misrepresentation would not be preempted by ERISA simply because they happen to relate tangentially to employee benefit plan. Likewise in the case at bar, the plaintiff's fraud and misrepresentation claims should not be pre-empted merely because the defendants assert that they may relate, tangentially at best, to an employee benefit plan. In *Ray v. Value Behavioral Health, Inc.*, 967 F.Supp. 417 (D.Nev.1997), the Court held that state law negligence, breach of fiduciary duty, emotional distress, and invasion of privacy claims asserted against employer of psychological counselor by patient, who was treated by counselor pursuant to her husband's employee benefits plan, did not "relate to" husband's benefits plan, and thus were not preempted under ERISA; alleged harms would have occurred regardless of whether services were secured through plan covered by ERISA, and claims were exactly the sort of generally applicable personal injury laws that ERISA does not preempt. In the case at bar, the defendants might have had some argument that the plaintiff was seeking to litigate solely a benefits denial claim, if the defendants had in fact duly and properly sent out a timely request for medical reports to plaintiff and/or his physician(s), the plaintiff and his physician then failed to timely supply such report, and thereafter as a consequence of the first two factors, the defendants denied benefits to the plaintiff. However, in the case at bar, the defendants failed to meet the first and second factors, so that there were no timely requests made by them, and therefore the second factor did not come into play either, and as a result, there was no lawful or proper predicate for the third consequence. As a result of the foregoing, the Court should deny the defendants' motion in its entirety as no ERISA preemption is present in whole or part.

20

### POINT II
### THE COURT SHOULD REMAND THIS LAWSUIT TO STATE COURT GIVEN THAT THE PLAINTIFF'S CAUSES OF ACTION ARE NOT PRE-EMPTED COMPLETELY OR IN PART ON PLAINTIFF'S CROSS-MOTION TO REMAND

Ordinary preemption of a state law claim by federal law requires the application of federal substantive law. If the federal law that purportedly preempts state law is alleged in a well-pleaded complaint, that will provide a basis for federal question jurisdiction. Ordinary preemption will not, however, permit removal jurisdiction if the plaintiff chooses to frame his claim based solely on state law and such preemption is raised only as a defense by the defendant. See e.g., *Bennett v. Southwest Airlines Co.*, 493 F.3d 762 (7th Cir., 2007) (denying petition for rehearing, holding that, under well-pleaded complaint rule, argument for preemption, but not complete preemption, of claims arising out aircraft overrunning runway and stopping on city street did not permit removal as it merely raised an affirmative defense); *Lontz v. Tharp*, 413 F.3d 435 (4th Cir., 2005) (reviewing denial of remand and reversing, holding that where claims are not completely preempted by NLRA that a federal preemption defense will not confer removal jurisdiction on federal court); *Chapman v. Lab One*, 390 F.3d 620 (8th Cir., 2004) (noting that ordinary preemption is merely a defense, in context of reviewing denials of remand and reversing, holding that claims not completely preempted by Federal Railroad Safety Act as amended should be remanded to State Court); *City of Rome v. Verizon Communications*, 362 F.3d 168 (2nd Cir., 2004) (vacating district court decision for lack of subject-matter jurisdiction and remanding to state court, holding that defense under federal Telecommunications Act did not establish federal question jurisdiction); *Rosenkrans v. Wetzel*, 131 F.Supp.2d 609 (D.C.Pa.2001) (difference between ordinary

21

and complete preemption is important, as the district court lacks power to resolve questions of ordinary preemption, raised defensively, and must remand); *Haggerty v. Wyeth Ayerst Pharmaceuticals*, D.C.N.Y.2000, 79 F.Supp.2d 182, quoting Wright, Miller & Cooper. Even if the defense of federal preemption is anticipated by the plaintiff and then negated in the complaint, the complaint would not be well-pleaded and thus, under settled principles discussed in the preceding section, would not be sufficient to create removal jurisdiction).

In contrast, under the complete-preemption doctrine, which has been invoked in a significant—and ever-increasing—number of cases and contexts, a narrow class of claims are so "necessarily federal" that they always will permit removal to federal court. In these cases, federal law "not only preempts a state law to some degree but also substitutes a federal cause of action for the state cause of action, thereby manifesting congress's intent to permit removal." Thus, if a plaintiff files suit in state court based upon a state cause of action, and the defendant removes the case on the basis of complete preemption, the federal district court will re-characterize the plaintiff's state cause of action as a federal claim for relief, making the removal proper on the basis of federal question jurisdiction. In this sense, the complete-preemption doctrine overrides such fundamental cornerstones of federal subject matter jurisdiction as the well-pleaded complaint rule and the principle that the plaintiff is master of the complaint. Complete preemption does not just represent a difference in the scope of the preemption of a state cause of action by federal law; rather it is a difference in kind. In complete preemption a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application

of state law; rather, it replaced the state law with federal law and made it clear that the defendant has the ability to seek adjudication of the federal claim in a federal forum.

In *Klank v. Sears, Roebuck and Co.*, 735 F.Supp. 260 (N.D.Ill.1990), the Court held that Employee Retirement Income Security Act did not preempt employee's Illinois state law claims against former employer for fraud, negligent misrepresentation, and breach of confidential relationship, and thus did not come within scope of ERISA; therefore, district court lacked federal question jurisdiction over employee's action, which employer had removed to federal district court, and action would be remanded to state court. In *Coleman v. Standard Life Ins. Co.*, 288 F.Supp.2d 1116 (E.D.Cal.2003) the Court held, that ERISA plan participant's admissions in complaint that, *inter alia*, his state law claims sought recovery under ERISA plan, could not be basis for dismissal of his state claims on ERISA preemption grounds, where participant pled his ERISA and state law claims alternatively in complaint. In *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, cert.den. 525 U.S. 963 (9th Cir.,1998) the Circuit Court held that even when complete preemption is norm for area involved, if complaint relies on claims outside of preempted area and does not present federal claim on its face, defendant may not remove because mere fact that preemption might ultimately be proved does not allow removal.

As the plaintiff has heretofore shown that pre-emption and/or complete pre-emption is not present with respect to the claims in his Complaint, removal is improper and this Court should and must remand this lawsuit to New York State Supreme Court forthwith. In any event, should the Court find that these claims must be recovered solely through ERISA, including but not limited to Section 502 thereof, then the proper remedy