would not be dismissal of the Complaint (as advocated by defendants) but the Court's conversion thereof to an ERISA claim.

### POINT III
### DEFENDANT NOVARTIS IS PROPER PARTY DEFENDANT THEREBY REQUIRING THE COURT TO DENY ITS MOTION TO DISMISS

The defendant cites, Leonelli v. Pennwalt Corp., 887 F.2d 1195 (2nd Cir., 1989) to claim that NOVARTIS is an improper party, but in that case the Court held:

> Plaintiff also proposes to allege that individual defendants Caddy and Young breached their fiduciary duty under ERISA's § 1104. Yet, because neither of these two defendants have any discretionary authority regarding the Pension Plan, they are not fiduciaries of the plan as defined by § 1002(21)(A). Thus, allowing a claim under § 1104 would also be futile."

In the case at bar, the plaintiff has not sought to bring an ERISA breach of fiduciary claim against his employer NOVARTIS, and therefore, he believes that this language in the opinion would not bar his claim against said defendant. Since the Plan has never been introduced by the defendants in this lawsuit, the Court cannot make any determination at this point in time whether or not the defendant, NOVARTIS, has any discretionary or non discretionary authority with respect to the provision of benefits under the Plan. Since the purported Employee Handbook Summary of the Plan, annexed to the Defendants' Motion Papers as an Exhibit, explicitly states that the Plan and not the Summary is the source of all rights and duties under the Plan (and that in cases of conflict the Plan controls over that summary) the Court cannot find as a matter of law that the defendant NOVARTIS is an improper party and subject to dismissal.

If the Court finds that despite the plaintiff's contentions herein, that the plaintiff must bring this action under ERISA, which plaintiff disputes, and/or that other necessary parties are required to be included in this lawsuit, in order to afford the plaintiff complete

24

relief, the plaintiff requests that pursuant to the FRCP, he be permitted to amend his Complaint to add those additional parties, and requests such other relief as is just and proper in the premises. Lastly, the plaintiff does concede that if the Court does not remand this lawsuit and/or that it finds that ERISA is controlling and completely pre-emptive (despite the plaintiff's contentions to the contrary), that his claims for punitive damages would not be viable under ERISA, under those circumstances. However, plaintiff still contends that his claims for attorneys' fees would still be meritorious either on state law grounds, or under ERISA, and that the Court should not strike those damages as they are appropriate and necessary for the enforcement of the plaintiff's claims herein.

### POINT IV
### PLAINTIFF HAS THE RIGHT TO A JURY TRIAL ON THE ISSUES PRESENTED IN THE VERIFIED COMPLAINT WHETHER OR NOT THE DEFENDANTS PREVAIL IN SHOWING SUCH CLAIMS TO ARISE UNDER ERISA IN WHOLE OR PART

In an artful understatement, Judge Blumenfeld noted that "[t]he availability of a jury trial under section 502(a)(1)(B) of ERISA [29 U.S.C. 1132(a)(1)(B) ] is a frequently litigated issue." *Powell v. General Dynamics Corporation*, Civ. No. H-85-496 (MJB), slip op. at 2 (D.Conn. Nov. 25, 1985) ("Powell"). The ERISA statute itself provides little guidance on the issue and our Court of Appeals has sent "conflicting signals" as to the availability of a jury under ERISA. See, *Powell*, supra, slip op. at 4 passim; *Tourangeau v. Uniroyal, Inc.*, Civ. No. N-86-208 (AHN) (D.Conn. Nov. 7, 1986, Magistrate's Recommended Ruling Approved Mar. 5, 1987), slip op. at 10-15 ("Tourangeau"); *Abrams v. Grand Light & Supply Co., Inc. and Malcolm Rosen*, Civ. No. N-84-158 (WWE) (D.Conn. Sept. 28, 1986, Magistrate's Recommended Ruling Approved Oct. 15, 1986), slip op. at 11-13 ("Abrams"). Confronted by these "conflicting signals," these

25

judges have analyzed the issue in some depth, and plaintiff herewith summarizes their conclusions. Based upon analogies to the traditional law of trusts, the holdings in other circuits, and the apparent (although not totally unambiguous) inclination of our Court of Appeals to join those circuits which deny a jury right under ERISA, see *Katsaros v. Cody*, 744 F2d 270 (2nd Cir.) cert. denied, 469 U.S. 1072, 105 S.Ct. 565 (1984), other judges in this District have elected to follow "the great weight of authority" and to deny a jury right under ERISA. See also *Nobile v. Pension Committee of the Pension Plan for Employees of New Rochelle Hospital*, 611 FSupp. 725, 727-28 (S.D.N.Y., 1985).

However, while each of these cases has denied a right to a jury trial for the ERISA claims in the circumstances presented in each particular case, none has purported to hold that a jury is unavailable as a matter of law simply because an ERISA claim is involved. For example, Magistrate Margolis' opinion in *Tourangeau* emphasized that the claims were essentially for breach of fiduciary duty and that there was no claim for money damages, there was no collective bargaining agreement at issue, and no claim under § 301 of the LMRA, 29 U.S.C. § 185. *Tourganeau* at 17. *Abrams*, supra, also involved a claim for breach of fiduciary duty. Furthermore, one cannot confidently characterize the holding of *Katsaros*, supra, 744 F.2d at 278, beyond the proposition that "[t]here is no right to a jury trial of ERISA actions against pension fund trustees seeking the equitable remedy of restitution." In these circumstances, it seems on the basis of the particular facts presented in this case, and to decide the issue based upon the nature of the claims and the relief sought, in accordance with the principles enunciated by the Supreme Court in *Ross v. Bernhard*, 396 U.S. 531, 538, 90 S.Ct. 733, 738 (1970).

It should be noted at the outset that almost every cause of action in plaintiffs' complaint, are presented in terms of breach of contract, and tortious conduct, although one cause of action did request declaratory relief with respect to the alleged breach of contract at issue herein; there are no allegations of breach of fiduciary duty. Nor is the equitable relief sought in the Complaint the primary or preponderating relief requested by the plaintiff, but merely a mechanism for the Court to enforce the trier of facts' determinations/judgment in this lawsuit.

District courts in other Circuits which have also faced complaints alleging breach of contract or misrepresentation claims under Section 502a(1)(B) of ERISA have concluded that such claims were triable to the jury under ERISA. *Haytcher v. ABS Industries*, 7 EBC (BNA) 2158, 2162 (N.D. Ohio, 1986) (" *Haytcher* "); *Bower v. The Bunker Hill Co.*, No. C-82-412 (RJM) slip op. (E.D.Wash., 1986) (" *Bower* ") ("In contrast [to actions against a trustee involving discretionary acts], when courts have been called on to determine whether an ambiguous contract provides for vested lifetime benefits they have not paid any particular deference to the interpretation given the agreement by the plan administrator. Rather, they have applied traditional contract principles and resorted to extrinsic evidence to determine the parties['] intent at the time of contracting."). In *International Union, United Automobile, Aerospace, and Agricultural Implement Workers of America v. Park-Ohio Industries Inc.*, Civ.A. No. C85-1761 (N.D. Ohio, 1987) the court which had decided *Haytcher* further reviewed its ruling in that case in light of intervening precedent. Upon reconsideration, the court reaffirmed the availability of a jury trial under Sections 502(a)(1) and 502(a)(3) of ERISA. In *All Risks, Ltd. v. Equitable Life Assur. Soc. of U.S.*, 931 F.Supp. 409 (D.Md.,

27

1996) the Court held that Plaintiff was entitled to jury trial because there were no ERISA claims alleging, for example, breach of fiduciary duty, and the only claims remaining were state law misrepresentation claims.

While it might seem pre-mature to consider whether or not a jury trial is proper in the case at bar, considering the Court has yet to decide whether or not to remand the case to State Court, the plaintiff believes that in determining the defendants' motions and the plaintiff's cross-motions, the Court should and must keep in mind that the ultimate trier of facts in this case, would not be the Court itself, but a jury.

## CONCLUSION

The defendants' motion should be denied in its entirety, the plaintiff's cross-motion should be granted in its entirety and this case remanded to New York State Supreme Court, New York County forthwith, and the plaintiff be granted such other and further relief as is just, proper and equitable in the premises.

Dated: New York, New York
May 19, 2008

Respectfully Submitted,

ROBERT FELDMAN, ESQ (RF-0810)
Attorney(s) For Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2008, a true copy of the foregoing Plaintiff's, SERGIO PAVON's, Memorandum of Law, dated May 19, 2008, together with Plaintiff's Notice of Cross-Motion To Remand, Dated May 19, 2008, and Plaintiff's Attorney's Affirmation, dated May 19, 2008, were filed electronically with this Court, and/or served by mail, upon anyone unable to accept electronic filing. Notice of this filing will be sent by email electronically to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

Robert Feldman (RF-0810)