UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____X

**SERGIO PAVON,**

    Plaintiff,

-against-
**METROPOLITAN LIFE INSURANCE CO., INC.,**
And **NOVARTIS CORP.,**

    Defendants.

**AFFIRMATION IN
SUPPORT OF
PLAINTIFF'S CROSS-
MOTION & IN
OPPOSITION TO
DEFENDANTS' MOTION**
Case No. 08 CV 1272(PAC)

_____X

ROBERT FELDMAN, ESQ., an attorney duly licensed to practice law before the
Courts of the State of New York, and in the US District Court for the Southern District
Of New York, does hereby affirm the following under penalties of perjury:

1.    I am the attorney of record for the Plaintiff, SERGIO PAVON, and am

fully familiar with the facts, circumstances and proceedings heretofore had herein. I

submit this Affirmation, together with the Exhibits annexed hereto, and the Plaintiff's

Annexed Memorandum of Law, dated May 19, 2008, and Plaintiff's Notice of Cross-

Motion, dated May 19, 2008, which are incorporated herein by reference as though fully

set forth herein at length, in Opposition to the Defendants' Motions To Dismiss and in

Support of Plaintiff's Cross-Motion To Remand To State Court, and for such other relief

as the Court may deem just, proper and equitable in the Premises.

2.    The relevant facts are set forth in the Plaintiff's Verified Complaint which

is annexed to the Defendants' Motion Papers as Exhibit "A" and is incorporated herein

by reference as though fully set forth herein at length.

3.    That annexed to this Affirmation as Exhibit "1" are the Affirmation of

Plaintiff's treating psychiatrist, Dr. Jeffrey Corbin, MD, dated February 7, 2008, and his

medical reports from February, 2008, concerning the negative emotional and physical

effects the defendants' tortious and wrongful acts and omissions have proximately caused

to plaintiff, SERGIO PAVON, and said Exhibit and documents contained therein are incorporated herein by reference as though fully set forth herein at length.

4.     That annexed hereto and incorporated herein by reference is the Plaintiff's Memorandum of Law in Opposition to Defendants' Motion and In Support of the Plaintiff's Motion to Remand. That due to scanning issues, that Memorandum has had to be scanned in slivers in order to meet the physical memory constraints of the Court's uploading website's capacity. Affirmant is prepared to provide a full courtesy copy of the Memorandum of Law to the Court should it so require and request of the undersigned attorney.

5.     That for the reasons stated in the Plaintiff's Memorandum of Law and in his Supporting Papers, the Defendants' Motion should be denied in its entirety as the plaintiffs' common law claims are proper and/or are not pre-empted by ERISA.

6.     That for the reasons stated in Plaintiff's Memorandum of Law and in his Supporting Papers, this lawsuit was improperly removed to this Court, and this Court should forthwith remand this lawsuit back to the Supreme Court of the State of New York, County of New York for further litigation.

7.     That for the reasons stated in Plaintiff's Memorandum of Law and in his Supporting Papers, the Defendants' Exhibits "B" and "C" are improperly before this Court, and such papers additionally run afoul of the parol evidence rule and the best evidence rule and should be disregarded by the Court for purposes of this application.

8.     That in the remote event that the Court does not remand the plaintiff's lawsuit back to State Court and/or holds that ERISA pre-empts the plaintiff's claims in whole or part, the plaintiff by your affirmant requests that any of the purportedly pre-

2

empted claims be deemed by this Honorable Court to be converted to ERISA claims for purposes of this litigation and that if there are any non-pre-empted claims that are not remanded by the Court, then the same should be determined by the triers of fact herein pursuant to the Court's supplemental jurisdiction.

9.      That for the reasons set forth in the Plaintiff's Memorandum of Law, the plaintiff has the right to trial by jury on the relevant claims set forth in his Verified Complaint and that the Court allow the plaintiff to file a Jury Demand with respect to such claims in the event that the Court does not remand these claims to New York State Court.

10.      That for the reasons set forth in the Plaintiff's Memorandum of Law, co-defendant, NOVARTIS, is a proper party defendant necessary for the full and just resolution of the plaintiff's claims herein and said party should not be dismissed from this litigation prior to completion of disclosure proceedings.

11.      That as a result of the defendants' conflicts of interest and malicious and tortious conduct, the plaintiff was compelled to bring this lawsuit in State Court in order to protect his rights because proceeding through the defendants themselves was futile and would only have caused further harm to the plaintiff when the defendants had no intention of reversing their malicious and improper decision without a Court Order.

12.      The balance of equities is in favor of the plaintiff.

13.      The defendants have unclean hands and/or have acted in bad faith.

14.      The defendants have failed to meet their heavy burden of proof on their application herein.

15.    No prior application for the relief requested herein has been made by the plaintiff for the relief requested herein to any Court or Judge.

WHEREFORE, your affirmant respectfully requests that the Defendants' Motion be denied in its entirety, the plaintiff's cross-motion be granted in its entirety and plaintiff be granted such other and further relief as the Court may deem just, proper and equitable in the premises.

Dated: New York, New York
May 19, 2008

ROBERT FELDMAN, ESQ. (RF-0810)

4