**LSK&D #: 564-8008 / 1033200**
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
SERGIO PAVON,

                                   **No. 08 cv 1272 (PAC)**

                         Plaintiff,

           -against-

METROPOLITAN LIFE INSURANCE
COMPANY and NOVARTIS CORPORATION,

                        Defendants.
-------------------------------------------------------------x

# DEFENDANTS' MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Of Counsel:
Allan M. Marcus

                                Lester Schwab Katz & Dwyer, LLP
                                120 Broadway
                                New York, New York 10271-0071
                                (212) 964-6611
                                Attorneys for Defendants

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................... ii

PRELIMINARY STATEMENT ............................................................. 1

ARGUMENT ........................................................................................ 3

POINT ONE

ERISA Preempts Pavon's State-Law Claims .............................................. 3

    A.  Pavon's state-law claims arise from his allegation that MetLife wrongfully terminated his LTD benefits; therefore, such claims are preempted by ERISA ....................................................................... 3

    B.  The cases relied on by Pavon do not support his arguments ...................... 9

POINT TWO

    Defendants Properly Removed This Action Under The Complete Pre-Emption Doctrine; The Court Should Therefore Deny Plaintiff's Cross-Motion To Remand ................................................................ 10

POINT THREE

    There Is No Right To A Jury Trial In An ERISA-Plan Benefits Action .............. 13

POINT FOUR

    Novartis Corporation Is Not A Proper Party To An Action Claiming ERISA-Plan Benefits ......................................................................... 14

CONCLUSION ...................................................................................... 16

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

## TABLE OF AUTHORITIES

**Page**

### Cases

Aetna Health Inc. v. Davila, 542 U.S. 200 (2004) ...........................................2, 6, 7, 8, 11

Cicio v. Does, 321 F.3d 83 (2d Cir. 2003)...................................................................12

Cicio v. Does, 385 F.3d 156 (2d Cir. 2004)...............................................................8, 12

Coleman v. Standard Life Ins. Co., 288 F. Supp. 2d 1116 (E.D. Cal. 2003)............12, 13

DeFelice v. American Internat'l Life Assur. Co., 112 F.3d 61(2d Cir. 1997)...................14

Geller v. County Line Auto Sales, Inc., 86 F.3d 18 (2d Cir. 1996) .................................10

Gerosa v. Savasta & Co. Inc., 329 F.3d 317 (2d Cir. 2003)...........................................9

Gianetti v. Blue Cross & Blue Shield of CT, Inc., 2008 WL 1994895
    (D. Conn. May 6, 2008)........................................................................................8

Hattem v. Schwarzenegger, 449 F.3d 423 (2d Cir. 2006)............................................10

Ingersoll-Rand Co. v. McClendon, 498 U.S. 130 (1990)..............................................5, 6

Jones v. Unum Provident, Inc., 2007 WL 2609791 (N.D.N.Y. Sept. 5, 2007)..................8

Klank v. Sears, Roebuck & Co., 732 F. Supp. 260 (N.D. Ill 1990).................................13

Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987)..............................................11

New York State Conference of Blue Cross & Blue Shield Plans
    v. Travelers Ins. Co., 514 U.S. 645 (1995).........................................................5, 6

Pegram v. Herdich, 530 U.S. 211 (2000)......................................................................5

Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987) ........................................................6

Riemma v. Bekins Van Lines Co., 1996 WL 99899 (N.D. Ill. Feb. 29, 1996)..................4

Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998) .........................................12

Shaw v. Delta Airlines, Inc., 463 U.S. 85 (1983)...........................................................6

Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2d Cir. 1996)...............2, 14

Vytra Healthcare v. Cicio, 542 U.S.___, 124 S.Ct. 2901 (2004) ...................................12

Wiesenthal v. United Healthcare Ins. Co., 2007 WL 429039
    (S.D.N.Y. Nov. 29, 2007) ................................................................................7, 12

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

**Statutes**

**28 U.S.C. § 1331** ...................................................................................................11

**29 U.S.C. § 1002(16)(B)** ........................................................................................15

**29 U.S.C. § 1002(21)(A)** ..........................................................................................5

**29 U.S.C. § 1024(b)** ...............................................................................................14

**29 U.S.C. § 1132** ......................................................................................................6

**29 U.S.C. § 1132(a)(1)(B)** ...............................................................................6,7,8

**29 U.S.C. § 1144** ......................................................................................................5

**29 U.S.C. § 1144(b)(2)(B)** ......................................................................................5

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

Defendants Metropolitan Life Insurance Company ("MetLife") and Novartis Corporation ("Novartis"), by their attorneys Lester Schwab Katz & Dwyer, LLP, respectfully submit their Memorandum of Law in further Support of their Motion to Dismiss and in Opposition to Plaintiff's Motion to Remand.

## PRELIMINARY STATEMENT

The gravamen of plaintiff Sergio Pavon's lawsuit is the allegation that claims administrator MetLife improperly processed and wrongfully terminated Pavon's long-term disability ("LTD") benefits and medical benefits under the Novartis Pharmaceuticals Corporation Welfare Benefits Plan (the "Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Because Pavon's state law causes of action are related to his claim for benefits under the Plan and seek to supplant or supplement ERISA's exclusive remedies, they are preempted by ERISA.

What Pavon does not tell the Court is that this case involves a termination of LTD benefits that were reinstated 14 days later. After the denial of continuing LTD benefits, Pavon's treating physician submitted additional medical records. MetLife reviewed those records, concluded that they provided evidence of current disability, and reinstated Plaintiff's LTD benefits. All of this occurred before MetLife had notice of this lawsuit. In other words, this case is about a 14-day break in LTD benefits that have already been reinstated through the ERISA administrative review process working exactly as it should. Moreover, Pavon's medical benefits were never terminated.

Pavon unsuccessfully and disingenuously argues that his state-law claims are only tangentially related to his LTD benefits claim under the Plan. The cases he cites, however, do not support his strained arguments and he ignores the decisions of the

U.S. Supreme Court and the Second Circuit which undermine his position. In particular, in the recent case of Aetna Health Inc. v. Davila, 542 U.S. 200 (2004), the U.S. Supreme Court held that plaintiffs' state-law claims alleging that they suffered injuries due to health plan administrators' decisions not to provide coverage for treatment recommended by their physicians were completely preempted by ERISA.

The Davila Court also rejected plaintiffs' claim that the action was improperly removed, holding that the "extraordinary pre-emptive power" of ERISA's civil enforcement mechanism "'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' Hence, 'causes of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" Davila, 542 U.S. at 209 (citation omitted). Because Pavon's claims are similarly completely preempted by ERISA, this Court should deny Pavon's cross-motion to remand.

Pavon's demand for a jury trial should be denied under the well-established precedent in this Circuit holding that there is no right to a jury trial in an action founded on a claim for ERISA-plan benefits. See Sullivan v. LTV Aerospace and Defense Co., 82 F.3d 1251 (2d Cir. 1996).

Finally, if Pavon is permitted to amend his Complaint to allege a claim under ERISA, because Novartis Corporation is neither the Plan nor an administrator of the Plan, it should be dismissed as an improper party.

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

# ARGUMENT

## POINT ONE

### ERISA Preempts Pavon's State-Law Claims

#### A. Pavon's state-law claims arise from his allegation that MetLife wrongfully terminated his LTD benefits; therefore, such claims are preempted by ERISA

Pavon's main argument appears to be that his state common-law claims relate to "independent duties" of the defendants and are only "tangentially or indirectly" related to the Plan and ERISA, and are therefore not preempted.  (See Plaintiff's Memorandum of Law in Support of Cross-Motion and in Opposition to Defendants' Motion ("Pl. Mem."), pp. 13, 17.)  It is clear from the complaint, however, that Pavon's lawsuit rests entirely on his allegation that MetLife improperly processed and wrongfully terminated his ERISA-plan[1] LTD benefits.

In particular, Pavon alleges:

> [D]efendant, METLIFE-INS, …. wrongfully terminated plaintiff's disability benefits and Group Health coverage on or about January 11, 2008, and defendant, NOVARTIS, thereafter wrongfully terminated the plaintiff's Group Health Coverage January 31, 2008 ….

(Complaint, ¶ 8)

> That at all relevant times after the defendant, METLIFE-INS, had wrongfully terminated and/or cut off the plaintiff's long-term disability benefits, on or about January 11, 2008, the co-defendant NOVARTIS which company, at all relevant times herein mentioned provided plaintiff with his medical and drug benefits, ….., wrongfully and unlawfully terminated the plaintiff's medical and drug benefits, solely on the basis of defendant's, METLIFE-INS, prior wrongful termination of plaintiff's long-term disability benefits.

---

[1] Pavon does not dispute that his LTD and medical benefits are provided under an ERISA-governed employee benefit plan.

3

(Complaint, ¶ 10)

Pavon further alleges that defendants breached their "insurance agreements"[2] in terminating his benefits.  (See Complaint, ¶¶ 19 – 22.)  Such "insurance agreements" -- which Pavon fails to attach to his Complaint or his cross-motion papers -- can only refer to the employee benefit plan under which Pavon's benefits were provided.

Pavon alleges that neither of the defendants are fiduciaries of the ERISA Plan at issue.  (See Pl. Mem., p. 6.)  As to defendant Novartis Corporation, Pavon is right, but only because Pavon named the wrong defendant.  Novartis Corporation is neither the plan sponsor nor the plan administrator for the welfare benefit plan under which Pavon sues, and is not a proper party in this case.  Rather, Novartis Pharmaceuticals Corporation is the Plan sponsor, and Novartis Pharmaceutical Corporation's "Benefits Committee" is the Plan Administrator.  (See Bloodgood Aff., ¶ 3, Ex. A, p. 21.)  Pavon can't avoid the application of ERISA preemption merely by naming the wrong party. See, e.g., Riemma v. Bekins Van Lines Co., 1996 WL 99899, at *3 (N.D. Ill. Feb. 29, 1996) (ERISA preemption cannot be avoided by artful pleading or by naming defendants other than those suable under ERISA).

As to MetLife, Pavon is wrong.  It is true that the SPD that was effective at the time Pavon originally went out on disability named AIG as the claims administrator.  (See Declaration of Allan M. Marcus ("Marcus Dec."), Ex. B, p. 11.)  However, the

---

[2] In fact, the Disability Plan is self-funded by Novartis Pharmaceuticals Corporation. MetLife is the Claims Administrator for the Disability Plan, but did not issue a policy of group insurance to fund disability benefits.  (See Affidavit of Debra Bloodgood ("Bloodgood Aff.") ¶ 3, Ex. A, p. D-1, Supplement D, p. 16.)

LESTER SCHWAB KATZ & DWYER • 120 BROADWAY • NEW YORK, N.Y. 10271-0071

currently effective Plan Document shows that MetLife is the Claims Administrator and claims fiduciary[3] for the LTD benefits. (See Bloodgood Aff., Ex. A, p. D-1.)

Pavon asserts that his claims are not preempted by ERISA under the holding in New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co., 514 U.S. 645 (1995). Pavon's reliance on Travelers is misplaced. In that case, the Supreme Court held that a New York statute imposing surcharges on hospital rates for patients whose insurance coverage is provided by ERISA-governed employee health care plans not preempted by ERISA. The Court held that the New York statute did not sufficiently "relate to" employee benefit plans to trigger preemption under ERISA § 514, 29 U.S.C. § 1144; rather, the New York statute only indirectly affected the price of insurance coverage purchased by plans.

Travelers is distinguishable from the instant case in several critical respects. First, here the plan is self-funded and state insurance regulation does not apply.[4] Second, with respect to § 514, Pavon's claim that he incurred injuries because his LTD benefits under the Plan were wrongfully terminated is directly "related to" the administration of the Plan. Indeed, the Travelers Court explicitly reaffirmed its earlier decisions which held that state laws related to a plan were preempted:

> [W]e do not hold today that ERISA preempts only direct regulation of ERISA plans, nor could we do that with fidelity to the views expressed in our prior opinions on the matter. See, e.g., Ingersoll-Rand [Co. v. McClendon], 498 U.S. [130]

---

[3] Because, as Claims Administrator, MetLife has discretionary authority to make determinations as to eligibility for LTD benefits, it is a Plan fiduciary. See ERISA § 3(21)(a), 29 U.S.C § 1002(21)(A); Pegram v. Herdich, 530 U.S. 211, 222-23 (2000).

[4] Because the Disability Plan is self-funded (see supra, fn. 2), it is not subject to state insurance laws under ERISA's "deemer" clause. See ERISA § 514(b)(2)(B), 29 U.S.C. § 1144(b)(2)(B).

5

at 139, 111 S. Ct. [478] at 483 (1990); <u>Pilot Life Ins. Co. v.
Dedeaux</u>, 481 U.S. 41, 47-48, 107 S. Ct., 1549, 1552-1553
…. (1987); <u>Shaw [v. Delta Airlines, Inc.</u>], 463 U.S. [85] at 98,
103 S. Ct. [2890] at 2900 [1983].

<u>Travelers</u>, 514 U.S. at 668.  (<u>See</u> <u>also</u> Memorandum of Law in Support of Motion to

Dismiss ("Def. Mem."), p. 5.)

    Third, the <u>Travelers</u> Court discussed only express preemption under ERISA §

514 not conflict preemption under ERISA § 502, 29 U.S.C. § 1132.  In the instant case,

both express and conflict preemption doctrines apply.  (<u>See</u> Def. Mem., pp. 5 – 7.)

    Pavon's state-law claims are far more akin to plaintiff's state law claims in <u>Davila</u>,

which addressed conflict preemption.  In that case, plaintiffs alleged that they suffered

injuries due to ERISA-plan administrators' decisions not to provide coverage for medical

treatment recommended by their physicians.  Plaintiffs claimed that, under Texas law,

the refusal of plan administrators to cover requested medical services had violated their

independent "duty to exercise ordinary care when making health care treatment

decisions," that these refusals had caused plaintiffs' injuries, and that, therefore, the

administrators were liable for damages under state law.   The Court rejected that

argument, reasoning that the injuries alleged stemmed from the plan's refusal to cover

the requested treatment, not from any independent duty of the administrators.  <u>Davila</u>,

542 U.S. at 212-213.  The Court explained:

> It follows that if an individual brings suit complaining of a
> denial of coverage …., where the individual is entitled to
> such coverage only because of the terms of an ERISA-
> regulated employee benefits plan, and where no legal duty
> (state or federal) independent of ERISA or the plan's terms
> is violated, then the suit falls "within the scope" of ERISA §
> 502(a)(1)(B) ….In other words, if an individual, at some point
> in time, could have brought his claim under ERISA §
> 502(a)(1)(B), and where there is no other independent legal
> duty that is implicated by a defendant's action, then that

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

> individual's cause of action is completely preempted by
> ERISA § 502(a)(1)(B).

Id., 542 U.S. at 210 (citation omitted).

    The Davila Court concluded that a duty to exercise ordinary care when making health care treatment decisions imposed by state law was "derive[d] entirely from the particular rights and obligations established by the benefits plans" and was thus not independent of the ERISA plan at issue.  542 U.S. at 213.  Pavon's state-law claims similarly are preempted because there is no duty on the part of defendants independent of their administration of the Plan.  See also Wiesenthal v. United Healthcare Ins. Co., No. 07 CV 1175, 0945, 2007 WL 429039, at *6 (S.D.N.Y. Nov. 29, 2007) (holding that plaintiff's state-law claims arising from denial of ERISA-plan benefits are not "grounded in any duty independent from the ERISA-covered plans").

    Holding that plaintiffs' claims were completely preempted, the Supreme Court emphatically reaffirmed that ERISA § 502's civil enforcement provision has "extraordinary pre-emptive power."

> [A]ny state law cause of action that duplicates, supplements,
> or supplants the ERISA civil enforcement remedy conflicts
> with the clear congressional intent to make the ERISA
> remedy exclusive, and is therefore pre-empted.

Davila, 542 U.S. at 209.  In other words, even if Pavon's state common-law claims were not preempted by ERISA § 514 (which they are), they would still be preempted by ERISA § 502.  Pavon's state-law claims of breach of contract, misrepresentation and infliction of emotional distress all arise directly from his allegations of improper processing or wrongful termination of Plan benefits; therefore, since they seek to supplant or supplement ERISA's exclusive remedies, they are preempted.

7

The Second Circuit followed the Davila holding in Cicio v. Does, 385 F.3d 156 (2d Cir. 2004), which is not cited by Pavon. In Cicio, plaintiff asserted state-law medical malpractice claims against an employee benefits plan administrator for failing to approve certain medical treatment. The Second Circuit, which had previously reversed the district court's dismissal of the medical malpractice claim, observed that:

> Aetna Health Inc. fatally undermines our reasoning in the [prior] panel decision in Cicio ... . The state-law malpractice claim that the appellant sought to bring .... would have, in effect, supplemented [the remedies provided under ERISA § 502(a)(1)(B)] by providing, had it succeeded, compensation beyond the value of the services to which the plaintiff thought herself entitled and consequential and perhaps punitive damage ...   It follows that plaintiff's state malpractice claim was completely preempted by ERISA.

385 F.3d at 158.

Despite Pavon's assertion that Travelers has narrowed the scope of ERISA preemption, numerous cases decided by courts in this Circuit since Travelers have held that state-law claims similar to Pavon's are preempted. See cases cited in Def. Mem., pp. 6-8. See also Wiesenthal, 2007 WL 4292039, at *6-8 (holding that plaintiffs' state-law claims for fraud, unjust enrichment, tortious interference with contract and breach of duty of good faith and fair dealing with respect to defendants' decision not to reimburse patients for certain procedures performed by plaintiffs were preempted by ERISA); Jones v. Unum Provident, Inc., No. 1:06 cv–1427, 2007 WL 2609791, at *7 (N.D.N.Y. Sept. 5, 2007) (dismissing as preempted by ERISA plaintiff's state-law claims for breach of contract and intentional infliction of emotional distress related to denial of claim for disability benefits under plan); Giannetti v. Blue Cross & Blue Shield of CT, Inc., No. 3:07 cv 1561, 2008 WL 1994895, at *5-6 (D. Conn. May 6, 2008) (denying as preempted by ERISA plaintiff's state-law claims of fraud, misrepresentation, breach of

contract, quantum meruit, unjust enrichment, and violation of Connecticut Unfair Trade Practices Act in relation to claims for surgical services under health benefit plan).

### B. The cases relied on by Pavon do not support his arguments

The Second Circuit cases which Pavon cites do not support his arguments. In Gerosa v. Savasta & Co., Inc., 329 F.3d 317 (2d Cir. 2003), the trustee of a pension plan brought an action against an actuary hired by the Plan, alleging state-law claims of breach of contract and professional malpractice. The Second Circuit held that ERISA did not preempt "garden-variety state-law malpractice or negligence claims against non-fiduciary plan advisors, such as accountants, attorneys, and consultants …." 329 F.3d 324.

In contrast, in the instant action Pavon alleges that employees of MetLife, the Claims Administrator for the Disability Plan, or of defendant Novartis Corporation, the entity Pavon incorrectly thinks is the Plan Sponsor, wrongfully terminated and/or improperly processed his disability and medical benefits provided under the Plan. Thus, Pavon's state-law claims arise from the relationship between the Plan participant (Pavon), Plan fiduciary (MetLife), Plan sponsor (which is Novartis Pharmaceuticals Corporation, not Novartis Corporation as alleged by Pavon), and the Plan itself, which provides the benefits Pavon claims he is entitled to. Moreover, unlike the defendant actuary in Gerosa, MetLife's employees are not members of a state-regulated profession. See Gerosa, 329 F.3d at 324. In addition, the Gerosa Court made clear that its holding distinguished "state laws that would tend to control or supersede central ERISA functions - - such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits - - [which] have typically been found to be preempted." Id.

9

Similarly, in Hattem v. Schwarzenegger, 449 F.3d 423 (2d Cir. 2006), the Second Circuit held that California's tax on "unrelated business taxable income" was not preempted by ERISA. The Court reasoned that the California tax statute had only an incidental effect on ERISA plans, did not have an impermissible "connection with" an ERISA plan, and was therefore not preempted. 449 F.3d at 431. In contrast, Pavon's state-law claims for damages arise directly as a consequence of the termination of his disability benefits and are clearly "connected with" the Plan.

Pavon's reliance on Geller v. County Line Auto Sales, Inc., 86 F.3d 18 (2d Cir. 1996), is also misplaced. In Geller, the Second Circuit held that ERISA did not preempt a state-law fraud claim. There, plaintiffs alleged that the defendants fraudulently misrepresented the employment status of an individual and, in reliance on the misrepresentation, plaintiff paid benefits on her behalf. 86 F.3d at 19-20. Unlike in the instant case, the claim is Geller did not "rely on the plan's operation or management." Id. at 22-23. Instead, the Second Circuit stated "[t]he plan [in Geller] was only the context in which the garden variety fraud occurred." In contrast, Pavon's allegations of misrepresentation by MetLife with respect to evidence of Pavon's continuing disability directly concern the operation and management of the Plan, i.e., they concern the determination of Pavon's continued eligibility for Plan benefits.

Therefore, none of the cases on which Pavon relies support his arguments.

## POINT TWO

**Defendants Properly Removed This Action Under The Complete Pre-Emption Doctrine; The Court Should Therefore Deny Plaintiff's Cross-Motion To Remand**

Pavon cross-moves to remand this action under the "well-pleaded complaint" rule, i.e., "if the plaintiff chooses to frame his complaint solely on state law and ….

preemption is raised only as a defense by the defendant," then there is ordinarily no basis for removal. (See Pl. Mem., p. 21.) Pavon's cross-motion is contrary to the well-established law of complete preemption, and should therefore be denied.[5]

Under the holding of the U.S. Supreme Court in Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987), an exception to the well-pleaded complaint rule permits removal of an action to federal court when the federal statute wholly displaces state-law causes of action through the "complete pre-emption" doctrine.    Metropolitan Life concerned an employee's state-law contract and tort claims arising from the termination of his disability benefits under an ERISA-governed plan. The Supreme Court held that the "extraordinary pre-emptive power" of ERISA's civil enforcement provisions "converts an ordinary state-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." Id., 481 U.S. at 65-67. Accordingly, the Court held, "this suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, 'arise[s] under the .... Laws ... of the United States', 28 U.S.C. § 1331, and is removable to federal court ...." Id., 481 U.S. at 67.

In its recent Davila decision, the Supreme Court, citing Metropolitan Life, reaffirmed the complete pre-emption doctrine holding that, because plaintiffs' state-law causes of action fell "within the scope of" ERISA, they "are therefore completely pre-empted by ERISA § 502 and removable to federal district court." 542 U.S. at 214.

---

[5] None of the cases cited by Pavon as illustrative of the "well-pleaded complaint" rule (see Pl. Mem., pp. 21-22) involve ERISA and are therefore inapposite.

In <u>Cicio v. Does</u>, 321 F.3d 83 (2d Cir. 2003),[6] the Second Circuit held that state-law claims of negligent delay and misrepresentation concerning the denial of pre-authorization for a medical procedure under an ERISA plan were removable under the complete preemption doctrine.  The Court explained that plaintiff's state-law claims fell "within the scope" of ERISA because they sought to vindicate rights subject to enforcement under ERISA: the false representation claim concerned the existence or extent of plan benefits and rested on the allegation that the administrator had violated its obligation under the terms of the plan to pay benefits.  Therefore, the Second Circuit held that such claims were completely preempted and subject to removal.  321 F.3d at 95-97.

Because Pavon's state-law claims are similarly completely preempted by ERISA (<u>see</u> <u>supra</u> at 2-6), removal was proper and the Court should deny Pavon's motion to remand.  <u>See, e.g.</u>, <u>Wiesenthal</u>, 2007 WL 4292039, at *8 (denying plaintiffs' motion to remand when their state-law claims with respect to defendants' denial of ERISA-plan medical benefits were completely preempted by ERISA).

Notably, none of the cases Pavon cites to support his argument for remand of an ERISA claim (<u>see</u> Pl. Mem., p. 23) is from this Circuit.  In any event, they are all readily distinguishable and do not support his cross-motion to remand.  <u>Ritchey v. Upjohn Drug Co.</u>, 139 F.3d 1313 (9th Cir. 1998), did not involve an ERISA claim.  In <u>Coleman v. Standard Life Ins. Co.</u>, 288 F. Supp. 2d 1116 (E.D. Cal. 2003), the court, denying a

---

[6] After <u>certiorari</u> was granted, the Supreme Court remanded in light of <u>Davila</u>.  <u>See</u> <u>Vytra Healthcare v. Cicio</u>, 542 U.S.___, 124 S.Ct. 2901 (2004).  On remand, the Second Circuit vacated its previous decision and affirmed the judgment of the district court which had held that all of plaintiff's state-law claims were preempted by ERISA.  <u>See</u> 385 F.3d at 158.

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

motion to dismiss (not a motion to remand), allowed plaintiff to plead state-law and ERISA claims in the alternative because "there has been no determination as to whether ERISA applies and [the] defendant has presented no evidence of its own to that effect …." 288 F. Supp. 2d at 1121. In the instant case, defendants have presented evidence that Pavon's disability and medical benefits are provided by an ERISA-governed employee benefits plan. (See Marcus Dec., Ex. B, C and D; Bloodgood Aff., Ex. A.) Furthermore, Pavon does not contend that no ERISA plan exists; rather, he mistakenly contends that his state-law claims are independent of the ERISA plan. (See Pl. Mem., p. 13.)

In Klank v. Sears, Roebuck & Co., 732 F. Supp. 260 (N.D. Ill 1990), an employee claimed he was misled by his employer Sears' non-disclosure of a future (though at the time non-existent) severance pay plan prior to seeking the employee's voluntary resignation. The court held that ERISA did not preempt the employee's state-law claims of fraud and negligent misrepresentation because the employee was not suing as a participant or beneficiary under the proposed severance benefits plan. The court therefore granted the employee's remand motion. In contrast, in the instant case, Pavon is a participant and/or beneficiary of the ERISA-governed Disability and Medical Plans and bases his claims on the alleged improper processing and wrongful termination of his Plan benefits. Therefore, because Pavon's state-law claims are completely preempted, this lawsuit was properly removed.

## POINT THREE

### There Is No Right To A Jury Trial In An ERISA-Plan Benefits Action

Although his complaint does not include a jury trial demand, Pavon mistakenly asserts that he is entitled to a jury trial even if his claims arise under ERISA. (See Pl.

Mem., pp. 25-28.)    Pavon, however, ignores the well-established precedent in this Circuit that there is no right to a jury trial in a suit to recover ERISA-plan benefits.  See Sullivan v. LTV Aerospace & Defense Co., 82 F.3d 1251, 1257-59 (2d Cir. 1996).  See also DeFelice v. American Internat'l Life Assur. Co., 112 F.3d 61, 64-65 (2d Cir. 1997) ("Sullivan made clear that cases involving ERISA benefits are inherently equitable in nature … and that no right to jury trial attaches to such claims.")

Therefore, the Court should deny Pavon's jury trial demand.

## POINT FOUR

### Novartis Corporation Is Not A Proper Party To An Action Claiming ERISA-Plan Benefits

Pavon mistakenly asserts that, because only the Summary Plan Descriptions ("SPD") were attached as exhibits to Defendants' Motion papers rather than the "Plan" itself, the Court cannot determine whether Novartis Corporation  is a Plan fiduciary, and therefore a proper party to an ERISA-plan benefits action.  (See Pl. Mem., pp. 24 – 25.) On the contrary, the Court can determine from the SPDs that defendant Novartis is neither the Plan sponsor nor an administrator/fiduciary of the Plan.

The SPD is a written summary of plan provisions required by ERISA to be furnished to plan participants and beneficiaries.  See ERISA § 104(b), 29 U.S.C. § 1024(b).  The Disability and Medical Plan SPDs clearly identify Novartis Pharmaceuticals Corporation (not Novartis Corporation) as the Plan's sponsor, and identify the Novartis Pharmaceuticals Corporation's "Benefits Committee" as Plan Administrator.  Unless no Plan Administrator is named, which is not the case here, the Plan sponsor is not a fiduciary.  See ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B).

14

Moreover, the Medical Plan SPD states that it is the official Plan Document for the Medical Plan. (See Marcus Dec., Ex. C., p. 128.)

To remove any doubt as to the non-fiduciary status of defendant Novartis, the official Plan Document for the Novartis Pharmaceuticals Corporation Welfare Benefits Plan is attached as an exhibit to the Affidavit of Debra Bloodgood. The Plan Document identifies the "Benefits Committee" as Plan Administrator, MetLife as the Claims Administrator for the Disability Plan, and various other entities as the Claims Administrators for the Medical Plan. (See Bloodgood Aff., ¶ 3, Ex. A, pp. 21, D-1, A-1.)

The Bloodgood Affidavit further establishes that Pavon was an employee of Novartis Pharmaceuticals Corporation, not an employee of Novartis Corporation. (See Bloodgood Aff., ¶ 4.) This is another reason why Novartis Corporation is an improper party to this lawsuit.

As pointed out in Defendants' Opening Memorandum of Law (at pp. 9–10), because defendant Novartis Corporation has no fiduciary duties with respect to the Disability and Medical Plans, and is neither the Plan sponsor nor the Plan Administrator, it is not a proper party to a lawsuit for Plan benefits and therefore should be dismissed.

LESTER SCHWAB KATZ & DWYER  •  120 BROADWAY  •  NEW YORK, N.Y. 10271-0071

## CONCLUSION

For the reasons discussed above and in Defendants' Opening Memorandum of

Law, the Court should grant Defendants' Motion to Dismiss and deny Plaintiff's Cross-

Motion to Remand.

Dated:      New York, New York
             June 13, 2008

                                Respectfully submitted,

                                LESTER SCHWAB KATZ & DWYER, LLP

                                Allan M. Marcus (AM-9027)
                                120 Broadway
                                New York, New York  10271
                                (212)  964-6611
                                Attorneys for Defendants
                                Metropolitan Life Insurance Company and
                                Novartis Corporation

TO:

Robert J. Feldman, Esq.
375 South End Avenue, Suite 8F
New York, New York 10280
(646) 478-8852
Attorney for Plaintiff